RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
MARY HOLLAND, ESQ.
(Subject to *pro hac vice* admission)
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310
mary.holland@childrenshealthdefense.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California and,<br>ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC"),<br><br>Defendants. | **Case No. 2:22-cv-02147-DAD-AC**<br><br>**DECLARATION OF SHANNEN POUSADA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: January 17, 2023<br>Time: 1:30 PM<br>Courtroom: 5, 14th floor (via Zoom)<br>Judge: Hon: Dale A. Drozd<br><br>Action Commenced: December 1, 2022 |

I, Shannen Pousada, declare as follows:

   **1.**   I am a Licensed Vocational Nurse in California, and I am providing this declaration from my personal experience.

1

**2.** I work per diem work locations for Kaiser Permanente in Walnut Creek, California. I have worked for Kaiser for 29 years.

**3.** Throughout the pandemic, Kaiser has required COVID-19 vaccination for employees. So I was COVID-19 vaccinated on 9/10/21.

**4.** Ten days after my 9/10/21 COVID-19 vaccination, I suffered a heart attack. Before the COVID-19 vaccination I was in excellent health. As I will explain below, my physicians concluded that other than my COVID-19 vaccination, there was no reasonable explanation for my heart attack. I was (at the time) 50-years old and had no history (and no family history) of heart problems before COVID-19 vaccination. The admitting hospital also reported my case to VAERS, as a likely vaccine related injury.

**5.** After you suffer a heart attack following a COVID-19 vaccination, you go through many physician appointments. You see specialists, many tests. It's a laborious process involving lots of physician-patient interaction.

**6.** During my physician appointments, Kaiser physicians repeatedly told me that it was wrong (misinformation) that the COVID-19 vaccine could cause my heart attack. Accordingly, my physicians gave me lots of tests in their hopes of finding something else wrong with me (so they could ascribe the heart attack to something other than my COVID-19 vaccine). Every test showed I was otherwise healthy, save for this one heart attack 10-days post vaccination. Eventually my physicians were forced to admit the misinformation - the COVID-19 vaccination was the likely cause of my heart attack. The State of California, by contrast, never examined me but summarily disagreed with my physicians' conclusion that the COVID-19 vaccine caused my heart attack (primarily because the cardiologist could not find like cases to compare, as I personally observed doctors censoring vaccine injury for fear of being labeled misinformation spreaders). Apparently, the State of California considers my health experience to be misinformation.

**7.** If this had happened to me after AB 2098, during the months' long process of appointments and tests and legal paperwork, it would have been *impossible* for me to receive a diagnosis and for my employment claims to be processed. And I had major issues finding a physician

to sign my exemption, as I was in true fear of being vaccinated again for COVID-19. No physician in California would sign.

8. My experience shows how AB 2098 will interfere with more than just garden-variety patient appointments. AB 2098 disrupts legal processes such as workers' compensation claims. Indeed, as a registered nurse, I observe many medico-legal issues where physicians must be free to discuss COVID-19, such as medical exemptions required for employment (which is a form of disability accommodation).

9. My experience also shows the legal predicament caused by AB 2098, even before it has become law, in the employment law context. Kaiser is both my employer and my healthcare provider. They originally tried to deny my COVID-19 vaccine likely caused my heart attack, but ultimately a Kaiser MD admitted it. If AB 2098 had been the law, they would have been prohibited from engaging in multiple legal processes: such as disability accommodation and legal claims processing. It is obvious the conflicts of interest that are exacerbated by AB 2098 as my employer mandates a vaccine they are not free to discuss, and then treats a vaccine injury they are not free to discuss, and then processes employment claims they are not free to discuss. If AB 2098 is upheld, it will deny procedural due process for employees/patients like me.

10. I am a member of the group Physicians for Informed Consent. I am providing this declaration because I think it's the right thing to do. I never asked Kaiser for any money for my vaccine injury. I just wanted them to continue covering my health insurance for my heart injury, which I think is reasonable. As long as AB 2098 is the law, I don't know what to expect with my legal claims process in the future, and because the vaccine is live in my system, I could have another heart attack at any time. It's very scary, and unfair.

11. My experience shows that even before AB 2098, my Kaiser physicians were unwilling to participate in reporting negative information about the COVID-19 vaccine. That they originally denied the obvious causation of my heart attack is emblematic of how negative information is suppressed for fear of increasing vaccine hesitancy. While there is a possibility my medical and legal situation can improve in 2023, if AB 2098 is deemed constitutional, that possibility is significantly diminished for me. And it would be even worse for people suffering COVID-19 vaccine injury in 2023

1  and beyond, because their physicians will not be willing to document their observation of so-called
2  "misinformation" necessary to resolution of legal claims.
3      I declare under penalty of perjury that the above information is true and correct.
4  Signed this 5TH day of December 2022.

_____
Shannen Pousada

DECLARATION OF SHANNEN POUSADA