RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
MARY HOLLAND, ESQ.
(Subject to *pro hac vice* admission)
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310
mary.holland@childrenshealthdefense.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for-profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a not-for-profit children's health organization<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California and, ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC"),<br><br>Defendants. | **Case No: 2:22-cv-02147-DAD-AC**<br><br>**NOTICE OF RELATED CASE TO:**<br><br>(HOEG, et al., v. LAWSON et al, Case No.: 2:22-AT-01119) |

**TO COUNSEL OF RECORD IN** *HOEG, et al., v. LAWSON et al.,* **CASE NO.: 2:22-AT-01119:**

PLEASE TAKE NOTICE THAT pursuant to Local Rule 123 (2), (3), and (4), Plaintiffs by their undersigned counsel, hereby submit this Notice of Related regarding *Hoeg, et. al. v Lawson et. al.,* Case No. 2:22-at-01119.

1. This Notice of Related case is required under Local Rule since Local Rule 123(a) subsections (2), (3), and (4), "Definition of Related Cases" leads the undersigned counsel to have reason to believe that this action "may" be related to the *Hoeg* case presently pending before Judge Shubb. Under Local Rule 123(b), "Duties of Counsel", counsel "shall file" a Notice of Related case in each action.
2. In considering Local Rule 123(a) subsection (3), both actions are First and Fifth Amendment constitutional challenges to AB 2098 which is set to become effective on January 1, 2023 as CA Bus & Prof Code § 2270. (However, this above-captioned case adds a pendant state constitutional claim on a subject not included in the *Hoeg* case.)
3. The two cases involve similar facts to the extent that both involve the type of information which can and cannot be provided to patients under the new law
4. The instant action and *Hoeg* have a common defendant, Rob Bonta, the Attorney General of California.
5. One difference between the actions is that *Hoeg v. Lawson* seeks injunctive relief against the Medical Board of California, (and the Attorney General) while the instant action seeks relief against the Osteopathic Board of California (and the Attorney General). These two boards are the only two state administrative agencies subject to AB 2098/Bus. & Prof. Code Section 2270.
6. Another difference is that in this action there are two organizational plaintiffs. This raises an associational standing issue not present in *Hoeg v. Lawson.* In addition, the preliminary injunction motion in this case is supported by an extensive expert declaration, and primarily for that reason, Plaintiffs are seeking to call an expert plus the Executive office of the Osteopathic Board at the hearing of the preliminary injunction motion which is currently calendared for January 17, 2023. Currently, the *Hoeg* Plaintiffs' Preliminary Injunction is set for January 9, 2023.

7. Arguably, the assignment of both cases to a single judge is likely to affect a savings of judicial effort and other economies, and might lessen the risk of inconsistent decisions.
8. Additionally, under Local Rule 123 (a) subsection (4), there would surely be a "substantial duplication of labor" if two judges in the same district are to rule on the likelihood of success of a constitutional challenge to the same statute within a week of each other.
9. Since judicial efficiency and avoiding duplicative judicial efforts is a goal of this local rule, this notice arguably raises the issue as to whether both preliminary injunctions hearings should be heard together.  We raise the issue, but take no position, and leave that decision to the court after counsel in the case is heard.
10. We further note that the DAG representing the Defendants in this case was also involved in a similar challenge in *McDonald v Lawson*, Case No.: 8:22-cv-01805-FWS-ADS, and may well be able to speak for the Defendants in this case, prior to their formal appearance.

    Respectfully submitted,

    _____
    Richard Jaffe, Esq.
    SBN 289362
    428 J Street, 4th floor
    Sacramento, California, 95814
    Telephone: 916-492-6038
    Facsimile:  713-626-9420
    Email:  rickjaffeesquire@gmail.com
    ROBERT F. KENNEDY JR., ESQ.
    MARY HOLLAND, ESQ.
    (Subject to *pro hac vice* admission)
    Children's Health Defense
    752 Franklin Ave., Suite 511
    Franklin Lakes, NJ 07417
    Telephone: (202) 854-1310
    mary.holland@childrenshealthdefense.org

    Attorneys for Plaintiffs

**NOTICE OF ELECTRONIC SERVICE**

I, Richard Jaffe affirm as follows:

1. I am an attorney at law admitted to practice in this court. I am not a party to this action and am over the age of 18. I am counsel of record for the Plaintiffs in this case. I submit this Notice of Electronic filing and service under penalties of perjury in under the laws of the state of California.

2. On December 6, I Efiled this Notice of Related Case in *Hoeg, et. al. v Lawson et. al.,* Case No. 2:22-at-01119, Eservice was effectuated to all counsel of record, that being:

Plaintiffs' counsel:

Laura B. Powell, laura@laurabpowell.com
Gregory Dolin,  gdolin@ubalt.edu,
Jenin Younes,  jenin.younes@ncla.legal.

Defendants' counsel:

DAG Kristin A. Liska,  kristin.liska@doj.ca.gov

Dated: December 6, 2022

Richard Jaffe, Esq.