ROB BONTA
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
EDWARD KIM, State Bar No. 195729
Supervising Deputy Attorneys General
CHRISTINA SEIN GOOT, State Bar No. 229094
KRISTIN A. LISKA, State Bar No. 315994
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3916
  Fax:  (415) 703-5480
  E-mail:  Kristin.Liska@doj.ca.gov
          Christina.Goot@doj.ca.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT**, a not-for-profit organization, and **CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER**, a California Nonprofit Corporation,<br><br>                                    Plaintiffs,<br><br>v.<br><br>**ROB BONTA**, in his official capacity as **Attorney General of California and, ERIKA CALDERON**, in her official capacity as **Executive Officer of the Osteopathic Medical Board of California ("OMBC")**,<br><br>                                    Defendants. | Case No. 2:22-cv-02147-WBS-AC<br><br>**DECLARATION OF ERIKA CALDERON, EXECUTIVE DIRECTOR OF THE OSTEOPATHIC MEDICAL BOARD OF CALIFORNIA, IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:        Honorable William B. Shubb<br>Action Filed:  December 1, 2022 |

I, Erika Calderon, declare:

1. I am the Executive Director of the Osteopathic Medical Board of California (Board), California Department of Consumer Affairs. I have been the Executive Director of the Board since November 1, 2022. In my official capacity as the Executive Director for the Board, I have personal knowledge of the facts stated herein and, if called as a witness I could and would testify competently to those facts to the best of my knowledge.

2.	The statutory authority and mandate for the powers and duties of Board is provided in the Osteopathic Act (Bus. & Prof. Code, §§ 3600-1 – 3600-5), which provides that the Board shall enforce the statutory provisions governing medical practitioners in Article 12 (commencing with Section 2220), of Chapter 5 of Division 2 of the Business and Professions Code as to osteopathic practitioners.  This statutory authority is further detailed in  Business and Professions Code §§ 2450-2459.7 ("Provisions Applicable to Osteopathic Physicians and Surgeons").  Under the Osteopathic Act, the Board has established a comprehensive program for licensing, regulating, investigating, and, where appropriate, disciplining physicians.  The Board is an entity within the California Department of Consumer Affairs.

3.	The Board has the responsibility for enforcing the disciplinary provisions in Article 12 applicable to its licensees and the Osteopathic Act.  The Board is authorized to take administrative action against all persons guilty of violating such laws and possesses all the powers granted for that purpose, including investigating information that a physician may be guilty of unprofessional conduct.

4.	The mission of the Board is to protect health care consumers through the proper licensing and regulating the practice of osteopathic physicians and surgeons and certain allied health care professionals, as well as through the objective enforcement of the applicable law.  The Board also promotes access to quality medical care through its licensing and regulatory functions.  Protection of the public is the Board's highest priority in exercising its licensing, regulatory, and disciplinary functions.

5.	A primary way the Board protects the public is through the investigation of consumer complaints involving the medical care patients have received from osteopathic physicians and surgeons.  The Board may also investigate osteopathic physicians and surgeons on its own initiative based upon information it receives from other sources (even anonymous ones).  Under either scenario, each case is evaluated to determine whether there has been a potential violation of applicable law.  If Board staff determine that the Board lacks jurisdiction over the alleged violation or that there is insufficient evidence of a violation, they will close the case and take no further action.

6. Alternatively, if Board staff determine that there may be evidence of a violation, then an investigation is opened. This investigation includes a preliminary evaluation of the case by a medical consultant for the Board, who examines the medical record, any additional evidence, and determines whether there is a potential violation of the standard of care. If the medical consultant determines that a potential violation may exist, the case is referred for further investigation and will be reviewed by a retained outside expert under contract with the Board who has the pertinent education, training, and expertise to evaluate the specific standard of care issues raised by the complaint. That expert will independently evaluate the medical record (without seeing the medical consultant's opinion) and any evidence in the case, and makes an objective evaluation of whether the subject physician violated the standard of care.

7. All investigations and their contents are confidential unless and until formal disciplinary action is taken and disciplinary proceedings are commenced.

8. At each step of review—the initial intake review, the medical consultant review, and the independent expert review—the complaint against a physician may be closed and rejected if any of the reviewers conclude that there is not sufficient evidence to show a violation of applicable law. Investigations are often closed because no violation has been found. For fiscal year 2019-2020, for example, the Board received 627 complaints and opened 573 investigations. An even smaller number of investigations, 16, were referred to the Attorney General's Office for consideration of filing disciplinary charges.

9. If a complaint passes through these hurdles and disciplinary proceedings against the physician are filed, the Board has the burden of proof to show by clear and convincing evidence that the physician violated applicable law. For disciplinary actions involving the quality of medical care a physician provided to patients, the Board has the burden of proof to show by clear and convincing evidence that the physician violated the standard of care.

10. If the Board initiates disciplinary proceedings against a physician, the physician is afforded full due process. The physician is entitled to dispute the charges at an administrative hearing presided over by an Administrative Law Judge. The physician's counsel has an opportunity to cross-examine the Board's expert on the issue of the standard of care and may

present a defense expert challenging the Board expert on the standard of care. After the hearing, the Administrative Law Judge writes a proposed decision. The proposed decision is then sent to the Board for consideration. The Board members make the final decision on disciplinary matters and can either adopt, modify, or reject the proposed decision, but they are required to give deference to the Administrative Law Judge's findings as to the respective credibility of conflicting expert testimony on the standard of care. If the decision finds grounds for discipline, the physician has the right to seek review of the decision in state court by way of administrative mandamus.

11. To date, no osteopathic physician or surgeon has been disciplined by the Board related to the dissemination of COVID-19 misinformation or disinformation as defined in AB 2098.

12. I understand that the following licensed California osteopathic physician is a Plaintiff in this case:

Hoang, Letrinh, D.O., 20A7347

13. This physician does not have a history of discipline against her license with the Board for any issue relating to COVID-19 or patient care, other than an administrative citation issued for the use of a fictitious business name without a permit in August 2020.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 23rd day of December, 2022, in Sacramento, California.

*[signature: Erika Calderon]*

ERIKA CALDERON
*Declarant*

Declaration of Erika Calderon (2:22-cv-02147-WBS-AC)