Hannah Kieschnick (SBN 319011)
   hkieschnick@aclunc.org
Chessie Thacher (SBN 296767)
   cthacher@aclunc.org
Shilpi Agarwal (SBN 270749)
   sagarwal@aclunc.org
Angélica Salceda (SBN 296152)
   asalceda@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-1478

Peter Eliasberg (SBN 189110)
   peliasberg@aclusocal.org
Melissa Goodman (SBN 289464)
   mgoodman@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

*Attorneys for Amici Curiae*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LETRINH HOANG, D.O.; PHYSICIANS FOR INFORMED CONSENT, *a non-for-profit organization*; and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, *a California Nonprofit Corporation*,<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, *in his official capacity as Attorney General of California*; and ERIKA CALDERON, *in her official capacity as Executive Officer of the Osteopathic Medical Board of California*,<br><br>Defendants. | Case No. 2:22-cv-02147-WBS-AC<br><br>**APPLICATION OF AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA AND AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA FOR LEAVE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:     Hon. William B. Shubb<br>Date:      January 23, 2023<br>Time:      1:30 P.M.<br>Courtroom: 5 |

# INTRODUCTION

By this application, non-parties American Civil Liberties Union of Northern California ("ACLU NorCal") and American Civil Liberties Union of Southern California ("ACLU SoCal") (collectively, "Proposed ACLU Amici"), respectfully seek leave to file an *amici curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction ("MPI"), ECF 4. Proposed ACLU Amici have consulted with counsel for each party. The State consents to the filing of this application. Plaintiffs neither consented to nor opposed the filing of this application, but rather deferred making a decision until reading the as-filed proposed *amici* brief.

The brief, a copy of which is being filed concurrently herewith, clarifies the framework that the Ninth Circuit uses to evaluate whether restrictions on healthcare professionals implicate the First Amendment. After explaining why the challenged law, Assembly Bill ("AB") 2098,[1] regulates protected physician speech, the brief offers the Court an additional reason as to why AB 2098 fails strict scrutiny. In particular, the law is not necessary because existing regulations of professional conduct are sufficient to address California's stated concerns for patient safety. Those regulations already address, for example, physicians who commit medical fraud, prescribe medically inappropriate treatment, and fail to provide patients with information sufficient to make informed health choices.

I.   **Proposed ACLU Amici's Interest in the Case**

ACLU NorCal and ACLU SoCal are California affiliates of the national American Civil Liberties Union ("ACLU"), a non-profit, non-partisan civil liberties organization with more than 1.7 million members dedicated to the principles of liberty and equality. As organizations long committed to protecting First Amendment rights and defending individual autonomy to make personal medical decisions, Proposed ACLU Amici have a strong interest in the proper resolution of this controversy. In fact, Proposed ACLU Amici are already serving as *amici* in another challenge to AB 2098. Two months ago, the District Court for the Central District of California granted Proposed ACLU Amici's application to submit an *amici* brief substantially similar to the brief filed concurrently herewith. *See* Order Granting Application to File Amicus Brief, ECF 63, *McDonald v. Lawson*, No. 8:22-cv-01805-FWS-ADS (C.D. Cal. Nov. 9, 2022). Additionally, the ACLU and its affiliates submitted *amicus* briefs

---

[1] 2022 Cal. Stat., ch. 938 (AB 2098) (to be codified at Cal. Bus. & Prof. Code § 2270).

in two of the Ninth Circuit cases that are central to resolution of this matter, *Pickup v. Brown*, 740 F.3d 1208 (9th Cir. 2014) (ACLU NorCal), and *Tingley v. Ferguson*, 47 F.4th 1055 (9th Cir. 2022) (ACLU and ACLU of Washington). And Proposed ACLU Amici have appeared as *amici* before federal and state courts in numerous other free speech cases. *See, e.g.*, *United States v. Hansen*, 25 F.4th 1103 (9th Cir. 2022); *L.A. Police Protective League v. City of Los Angeles*, 514 P.3d 892 (Aug. 17, 2022).

## II.     Argument

District courts have "broad discretion" to grant prospective *amicus* participation. *See WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). There are "no strict prerequisites that must be established prior to qualifying for amicus status[.]" *Id.* (quoting *In re Roxford Foods Litig.* ("*Roxford*"), 790 F. Supp. 987, 997 (E.D. Cal. 1991)). Instead, the non-party must "merely make a showing that [its] participation is useful to or otherwise desirable to the court." *Id.* (quoting *Roxford*, 790 F. Supp. at 997). A non-party makes such a showing by, for example, demonstrating that it has "unique information or perspective[s] that can help the court[.]" *Id.* (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).

As explained above, Proposed ACLU Amici are uniquely positioned to describe the framework that the Ninth Circuit uses to determine when healthcare regulations restrict physicians' First Amendment rights. In addition, the outcome of this case could have implications that extend beyond the named parties and AB 2098 to the interpretation of other healthcare regulations. Proposed ACLU Amici therefore have an interest in the proper application of the Ninth Circuit's speech-conduct framework. Accordingly, Proposed ACLU Amici seek to help the Court by clarifying the Ninth Circuit's framework and articulating a workable distinction between protected speech and regulable conduct. Proposed ACLU Amici also offer the Court an additional reason as to why AB 2098 fails strict scrutiny.

Finally, no party, or counsel for any party, in this case authored any part of the accompanying proposed amici curiae brief. In addition, no person or entity has made any monetary contributions to fund the preparation or submission of this brief. And Proposed ACLU Amici do not have a parent corporation and that no publicly held corporation owns 10 percent or more of their stock.

//

# CONCLUSION

For the reasons stated above, ACLU NorCal and ACLU SoCal respectfully request leave to file an *amici curiae* brief in support of Plaintiffs' Motion for Preliminary Injunction.

Dated: January 10, 2023            Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

/s Hannah Kieschnick
Hannah Kieschnick (SBN 319011)
Chessie Thacher (SBN 296767)
Shilpi Agarwal (SBN 296152)
Angélica Salceda (SBN 296152)

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA

Peter Eliasberg (SBN 189110)
Melissa Goodman (SBN 289464)

*Attorneys for Amici Curiae*