RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
(Admitted *pro hac vice*)
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for-profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC")<br><br>Defendants. | Case No: **2:22-cv-02147-WBS-AC**<br><br>**NOTICE OF INTERVENTION MOTION FILED IN THE MCDONALD V. NEWSOM CONSOLIDATED APPEALS** |

PLEASE TAKE NOTICE that Plaintiffs have moved to intervene in the consolidated

appeals of *McDonald, et al. v. Lawson*, et al., Appeal No. 22-56220, and *Couris, et al. v.*

*Lawson, et al.,* Appeal No. 23-55069, per the attached intervention motion (exhibits which are the filings in this case omitted).

Respectfully submitted,

_____

RICHARD JAFFE, ESQ.
SBN 289362
428 J Street, 4th floor
Sacramento, California, 95814
Telephone: 916-492-6038
Facsimile:  713-626-9420
Email:  rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
(Admitted Pro Hac Vice)
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310
Attorneys for Plaintiffs

Notice of Intervention in the McDonald Appeal

**CERTIFICATE OF E SERVICE**

I, Richard Jaffe affirm as follows:

1.  I am an attorney at law admitted to practice in this court. I am not a party to this action and am over the age of 18. I am counsel of record for the Plaintiffs in this case. I submit this Certificate of Service under penalties of perjury.

2.  This Notice of Intervention in the McDonald consolidated appeals was E served on Defendants' counsel Kristin Liska when it was filed.


_____

Richard Jaffe, Esq.

# Nos. 22-56220, 23-55069

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

Mark McDonald and Jeff Barke,
*Plaintiffs-Appellants*,

v.

Kristina D. Lawson, et al.,
*Defendants-Appellees*.

AND

Michael Couris, et al.,
*Plaintiffs-Appellants*,

v.

Kristina D. Lawson, et al.,
*Defendants-Appellees*.

AND

LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for-profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation,

*Proposed Intervenors*

---

## MOTION TO INTERVENE

---

RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310

Counsel for Proposed Intervenors

(3 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 3 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 6 of 31

**Introduction**

This is an unusual motion to intervene because Movants are the plaintiffs/prevailing parties in *Hoang v. Bonta,* 2:22-cv-02147 WBS-AC wherein Eastern District Judge William B. Shubb has entered a preliminary injunction order enjoining enforcement of AB 2098, now Business and Professional Code section 2270 (hereinafter "Section 2270").[1]  Judge Shubb's order is inconsistent with Judge Fred W. Slaughter's order which denied the McDonald plaintiffs' motion for the same relief, which order is the subject of this appeal. (McDonald Excerpts of Record ("ERM") at 001.)

One of the core functions of the federal appellate courts is to resolve conflicting decisions in the district courts. However, the common and overlapping defendants and their counsel have made the tactical litigation decision *not* to appeal Judge Shubb's decision.  (*See* one news report indicating such attached as Exhibit B.)

The Appellee's tactical decision prevents this Court from reviewing the evidentiary record which led Judge Shubb to issue the injunction which Judge Slaughter denied.  Hence, Movants bring this unusual motion for intervention,

---

[1]  Judge Shubb's order is attached to Counsel's Declaration as Exhibit A. It is one of two related (but not consolidated) cases covered by his order, the other being *Høeg v. Newsom*, No. 2:22-cv-01980 WBS AC, 2023 U.S. Dist. LEXIS 13131 (E.D. Cal. Jan. 25, 2023).

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 4 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 7 of 31

(4 of 428)

which is justified under either permissive intervention or as of right under the Federal Rules of Civil Procedure which provide guidance for intervention on appeal.

This motion presents strong interest of justice considerations, namely to allow this Court the benefit of reviewing the record in the conflicting decision which in turn will allow the Court to make a more definitive ruling on the important First Amendment Free Speech and Due Process Vagueness issues raised in these cases.

There is also a strong public interest that California physicians and their patients have clear rules about what information, opinions and advice physicians are permitted to share with their patients, and what speech might subject physicians to discipline. Or more broadly, what are the limits of the state's power to censor or restrict the information which certain health care professionals can provide to their patients.[2]

---

[2]   The challenged law only applies to MDs and DOs, and does not apply to licensed Naturopathic Physicians, Chiropractors, or any other licensed or unlicensed health care practitioner. This obviously raises an under-inclusivity issue which the Legislature was aware of. However, the under-inclusivity problem was not resolved by the Legislature, which may foreshadow the law's unconstitutionality. *See* Movant's Reply Memo at Exhibit O, page 253, lns. 7-26 on the "wildly" under-inclusivity of the law.

**Abbreviated Procedural History**

On December 28, 2022, Central District Judge Fred W. Slaughter denied the McDonald Plaintiffs/Appellants preliminary injunction motion against Section 2270, the law which makes physicians spreading so called "Covid misinformation" to their patients a board disciplinable offense. (ERM 001.)

Twenty-six days later, on January 23, 2023, Judge William B. Shubb in the Eastern District enjoined the same law. Movants are the prevailing parties in *Hoang, et. al. v Bonta et. al.* 2:22-cv-02147-WGB-AC. (Exhibit A.) *Hoang* is one of the two related (but not consolidated)[3] cases covered by Judge Shubb's preliminary injunction order, the other being *Hoeg, et. al. v. Newsom* et. al. 2:22-cv-0101980-(WBS-AC).

The Couris Plaintiffs filed a similar AB 2098 challenge in the Southern District in early December (Excerpt Records Couris ("ERC") ERC at 61, and 27 and 29). Ultimately, the Southern District judge stayed the case pending the resolution of the McDonald appeal. (ERC 3.) The appeals were consolidated and the Court has requested the parties address the appealability of the Southern District judge's order. (This appeal Dkt. Entry 4&5.)

---

[3]     The related case order is listed as Docket Entry 9 in the docket report included herein as Exhibit Q.

**Legal Basis of this Motion**

There is no federal appellate rule for determining intervention on appeal, but the appellate courts look to Rule 24 of the Federal Rules of Civil Procedure for guidance. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1009 (2022). Permissive intervention certainly applies to this case, and as of right intervention likely also applies.

**Permissive Intervention**

Permission intervention under Fed R. Civ. Proc. 24 (b) provides:

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

 \*\*\*

(b) has a claim or defense that shares with the main action a common question of law or fact.

\*\*\*

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Clearly there are similar claims in all of these Section 2270 cases, as all these lawsuits challenge the law under First Amendment Free Speech and Fifth Amendment vagueness grounds. (Compare our Complaint, Exhibit I page 117-120, First Amendment Claim, 117-121, Fifth Amendment claim to ERM 11-15

(7 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 7 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 10 of 31

(vagueness discussion) and ERM 16-26 in Judge Slaughter's First Amendment discussion.)[4]

There are obvious specific reasons supporting permissive (and as of right) intervention by the Movants. The Appellants are arguing that Judge Shubb's decision is correct and that it should be followed by this Court. (*See* McDonald's Opening Brief on appeal at pages 8, 44, 48, 49 and Couris's Opening Brief at "*passim*.") No doubt the Appellees will argue the opposite. (Opposition papers are due on March 2, 2023.)

The Appellees *are* the Defendants in the two related cases before Judge Shubb. Their counsel, (the Attorney General's office) *is* the Defendants' counsel in our case *Hoang* and the related *Hoeg* case. That leads to the anomalous and seemingly unfair result that the parties and their counsel who lost in Judge Shubb's court can argue that his decision was wrong, should not be followed, and should be overturned (perhaps indirectly by operation of law), but the prevailing parties and their counsel cannot defend Judge Shubb's decision in the pending appeal. How could sidelining the prevailing parties make any sense or comport with basic fairness to Judge Shubb's decision?

---

[4]     Judge Shubb's decision was technically limited to the vagueness claim asserted by the Movants. However, he applied the heightened specificity requirement to the vagueness analysis because the law related to First Amendment protected free speech. (Exhibit A at page 16, ln. 19 to page 17 ln. 6, and especially footnote 6 on page 16.)

(8 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 8 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 11 of 31

If this Court only considers the record in the McDonald case, it might create judicial complications. A narrow decision finding lack of abuse of discretion by Judge Slaughter may lead to further confusion among physicians and patients as to whether the law is or is not in effect, and if so against whom.[5] A broad decision may undercut the authoritativeness of the Court's decision since it does not include the vastly different record presented in the case which granted a preliminary injunction. A broad decision/de novo review of Judge Slaughter's First Amendment findings, will have a preclusive and binding effect on our case, without us being able to participate, and that seems manifestly unfair.

There does not appear to be any directly on point authority, probably because when there are contradictory decisions on preliminary injunctions on the constitutionally of a law, the government normally appeals the granting of a preliminary injunction, and the losing private party appeals the denial of the injunction. *See, e.g.*, *Pickup v Brown*, 740 F.3d 1208 (9th Cir. 2014) (affirming the *Pickup* district court's decision denying the preliminary injunction challenging California's sexual orientation change therapy law which banned the therapy, and

---

[5]     The decision also only technically applies to the parties in the two related cases, (*Id*. at page 29, lns. 20-25), but that would include the two organizational plaintiffs in our case which have many physician members and families who wish to hear the information which would or might be sanctionable if spoken by physicians.

(9 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 9 of 22
Case 2:22-cv-02147-WBS-AC    Document 32    Filed 02/21/23    Page 12 of 31

reversing *Welch v. Brown*, 907 F. Supp. 2d 1102 (E.D. Cal. 2012) which issued the

injunction (per Judge Shubb)).[6]

Permissive intervention is discretionary and the bar is quite low. In cases

involving the enforcement or constitutionality of a state law, the Courts freely

---

[6]      *Pickup* will play a key role in this appeal, as it was heavily relied upon by
Judge Slaughter, as was *Tingley v. Fergusson* 47 F. 4th 1055 (9th Cir. 2022).
*Tingley* revivified *Pickup* (or at least its holding) after the Supreme Court criticized
*Pickup* by name and abrogated it (on the other grounds that the Supreme Court has
never recognized the category of professional speech as being entitled to less than
full First Amendment protection, which requires strict scrutiny for content or view
point based laws). *See Nat'l Inst. of Family & Life Advocates v. Becerra*,
("*NIFLA*"), 138 S.Ct. 2361, 2372 (2018) (overturning the California Legislature's
last attempt to control the information health care practitioners can (or must)
provide to patients.

The *NIFLA* court's deep disdain for and distrust of the government's effort
to control the information which physicians provide to their patients is manifest it
its reference to Judge Prior's concurring opinion in *Wollschlaeger v. Governor of
Florida*, 848 F.3d 1293, 1328 (11th Cir. 2017) (*en banc*) likening the efforts of the
Florida legislature to control the content and message of physician speech to some
of the most brutal and repressive dictatorial regimes employed to control their
populations. *NIFLA*, 138 S.Ct. at 2374-75 as quoted in full in Movant's complaint,
pages 18-19. Attached hereto as Exhibit I.

Movants maintain that in considering this appeal, this Court should think
long and hard before discounting *NIFLA's* extreme distaste and rejection of
legislative attempts to restrict the information, opinions and advice which
physicians can provide to patients. The actual tradition of the kind of physician
regulation of speech (which is the subject of this appeal) is not the U.S. cases cited
by Judge Slaughter. Rather, it comes from the tradition of some of history's most
evil and repressive regimes, as set forth in *NIFLA* above, and that comparison was
used by the Supreme Court as support for its rejection of the California
Legislature's prior attempt at such government control of physician speech to
patients.

grant these requests or overturn appellate panels who deny intervention, at least when the attorney general seeks to protect the challenged law. *See, e.g., Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002 (2022) (overturning Sixth Circuit's denial of the Attorney General's intervention motion); *Peruta v. Cnty of San Diego,* 824 F.3d 919 (9th Cir. 2016) (*en banc* overturning panel decision denying the Attorney General's intervention motion). These cases also acknowledge the state Attorney Generals role in protecting the laws passed by the legislature which usually involves challenging federal judicial decisions which enjoin the laws the Attorney Generals are supposed to defend and enforce.

Under the facts of this case, the Court should grant Movants permissive intervention.

**Intervention as of Right**

Intervention as of right may also be required. The leading and possibly analogous circuit authority is *Peruta v. Cnty of San Diego,* 824 F.3d 919, 940-41 (9th Cir. 2016), which, *inter alia*, 1. reversed a circuit panel's decision not to allow intervention as of right to the Attorney General, and 2. allowed a sheriff to intervene/granted *en banc* review in another case asserting the same Second Amendment challenge to a gun carry law. In this circuit, for intervention as of right, a movant must show that:

8

(1) it has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent its interest.

*Id*. at 940, *quoting Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007).

Plaintiffs clearly have a protectable interest in the subject matter of this appeal, as they have obtained an injunction against the very statute which is the subject of this appeal. The disposition of this appeal may and probably will impair the protection accorded by Judge Shubb's injunction if Judge Slaughter's decision is affirmed, (except if it is affirmed on the narrowest of grounds). The application is surely timely as it is being filed 12 days after the press reported that the Governor did not intend to appeal Judge Shubb's decision. The timing of this Motion even gives the defendants opportunity to rethink their litigation tactic of arguing for the reversal of Judge Shubb's decision while denying the Court's ability to review the record which led him to issue the injunction order. (The *en banc's* timeliness analysis is at *Peruta,* 824 F.3d at 941, and the facts on this motion clearly satisfy that timeliness analysis.)

Finally, the existing parties to this appeal may not be able to adequately defend Movants interests for the simple reason that we have a better evidentiary record than in either of the two cases on appeal. Indeed, it is possible that the Court

might well find that the distinction between the two case records explains the discrepancy in the outcome on the vagueness issue.

**Specific Evidentiary Differences Supporting this Motion to Intervene/Inadequacy of the Appellants to Protect Movants' Interests**

The primary difference between the evidentiary record in Movant's case versus the Appellants' record is that in our case we adduced a 40-page expert report, with 20 single-spaced pages of citations to studies and mainstream news articles showing the changes and contradictions which the public health authorities have announced. This expert testimony, referenced three times by Judge Shubb in his order (at pages 9-10, 19, and 24-25), is strong evidence that there is no contemporary scientific consensus such that the statute's reference to the "contemporary scientific consensus" is unconstitutionally vague, and that conveying such information is First Amendment free speech protected under applicable authorities. (*See also* the discussion of Dr. Verma's declaration in Plaintiffs' Memorandum, Exhibit M at pages 2, 9, 26, 27 and 31, and in the Reply Memorandum, Exhibit O at pages 7, 8, 13, 20, 21, 22, 23, and 26.)

The Defendants offered no rebuttal evidence whatsoever to the many dozens of data points set out in Dr. Verma's declaration (and the attested to data points in the complaint), which might decrease some patients' willingness to take the latest booster and which thus might be considered "Covid misinformation" under the

law.  (*See* the Complaint at page 4 para. 12 to page 6 para. 18, and the Memo of law, Exhibit M at page 22 lns. 20-22.)

The closest thing to a response by the Defendants is their Counsel's statement in their Opposition papers that "There may be issues open to debate within the scientific and medical communities, but that does not mean that there are not objectively provable facts on which the scientific community has a consensus: that apples contain sugar, that measles is caused by a virus, that Downs syndrome is caused by a chromosomal abnormality, etc." Opposition, Exhibit N at page 21. The Response declaration of Defendants' expert Dr. Lim basically asserts that physicians are required to know the standard of care and be aware of changes thereto (Lim Declaration. Exhibit K, page 2-3). And that constitutes the entirety of the Defendants' response to Dr. Verma's declaration (and the factual scientific allegations in the complaint (attested to by two of the plaintiffs).

In reply, Movants pointed out Defendants' failure to provide a substantive response indicating whether any of the data points/information about Covid vaccines are or are not "Covid misinformation" is an unsatisfactory response to the dozens of data points presented in Dr. Verma's declaration (*see* Reply Memo, Exhibit O page 18, ln 4 to page 19, ln. 4) and creates a negative inference that either the Defendants cannot tell from the statute whether this information is or is not Covid misinformation, or that for some undisclosed reason, they do not wish to

share their position with the court. (Argued at the hearing. Transcript of Hearing, Exhibit P, at page 46, lns. 4-14.)

We respectfully suggest that there is no comparison between Dr. Verma's declaration and the declarations of the McDonald Plaintiffs (ERM 43 and 50) or the even terser Couris declarations, all of which just relate these plaintiffs unsupported personal opinions about aspects of the pandemic to establish standing. (ERC 76 and 81.)

Furthermore, there are two important Legislative Findings in AB 2098 which were challenged in *Hoang,* which are unaddressed in the McDonald record.

Judge Slaughter cited the finding that "Data from the federal Centers for Disease Control and Prevention (CDC) shows that unvaccinated individuals are at a risk of dying from COVID-19 that is 11 times greater than those who are fully vaccinated." (AB 2098, Section 1(d), as cited by the Slaughter opinion at McDonald ER 003.)

The Verma Declaration cites at least six reasons why this finding is inaccurate. *See* Exhibit C, at Section VI, pages 13-15, including a citation to an analysis of data reported in the Washington Post that 58% of all COVID deaths are amongst the vaccinated compared to 42% amongst the unvaccinated.  (Verma Declaration, Exhibit C, at page 15, para. 54, URL citation at page 34.)

(15 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 15 of 22
Case 2:22-cv-02147-WBS-AC    Document 32    Filed 02/21/23    Page 18 of 31

The Defendants offered no objection to Dr. Verma's declaration (or any of the declarations), and no rebuttal expert testimony to this or any of the other medical evidence and opinions of Dr. Verma, the declarations of the Plaintiffs, or the medical/scientific data points in the complaint.

We also argued that that AB 2098, Section 1 (f) is misleading in that it creates the false impression that the Federation of State Medical Board's statement (which largely precipitated AB 2098) was concerned with physician communications with patients. In fact, the statement concerned the public/soapbox speech of physicians (*see* Reply Memo, Exhibit O at pages 3-7, 14-17), and at the hearing before Judge Shubb (*see* the hearing transcript, Exhibit P, at page 63 ln. 24 to page 65 ln. 6).

More broadly on the same point, a key argument made only by Movants was the lack of fit between the original purpose of AB 2098 (which was to stop physicians from speaking out in public) and the final version which only covered physician speech to patients. (*See* Movant's Reply Memo of Law at pages 3-7, and Section C pages 14-17.) This lack of fit between the purpose/problem to be solved by the bill and the actual law is fatal under a First Amendment strict scrutiny analysis, and most likely even under an intermediate scrutiny analysis.[7]

---

[7]    And this raises the clear error in Judge Slaughter's decision and how the parties lead him to his erroneous view that rational relationship is the level of scrutiny which applies to the Covid misinformation bill. Defendants argued that

In short, the record in *Hoang* seems to be unfavorable to the Defendants,

compared to the record in *McDonald.* That may suggest a reason the Defendants in

the two pending related cases in the Eastern District are not appealing Judge

Shubb's decision. Or, perhaps the difference in the records may ultimately make

---

the choice is between either strict scrutiny under *Conant v. Walters,* 309 F.3d 629 (9th Cir. 2002) or rational relationship under the holding of *Pickup v. Brown,* 740 F.3d 1208 (9th Cir. 2014). We maintain that is a false dichotomy. *Pickup* made clear that the facts, opinions and even the recommendations of a doctor are in the middle of the continuum of speech regulation, implying that intermediate scrutiny applied to a doctor's conveying that information. The Ninth Circuit in *NIFLA* made that point explicit and it used intermediate scrutiny in evaluating the compelled speech in that case, being the information about the right of pregnant women to have free abortions. *NIFLA,* 839 F.3d 823, 832 (9th Cir. 2016) *rev NIFLA,* 138 S.Ct. 2361 (*see* Movant's Memo at pages 10-13, and the Reply Memo at pages 10-11).

By arguing that it is either *Conant* (strict scrutiny) or *Pickup's* holding (rational relationship), the McDonald parties' Memoranda misstated the law, because the real antimony is between either strict scrutiny via *Conant* and the Supreme Court in *NIFLA,* or intermediate scrutiny suggested in *Pickup* and used by the 9th Circuit in its *NIFLA* decision (as explained in the Memo citations above). But the McDonald plaintiffs did not appear to make the argument to Judge Slaughter, and hence, he applied the rational relationship test which is clear error under circuit precedent. *Tingley* is not to the contrary because that case just applied the *Pickup* holding/result to a similar Washington state law as the California law challenged in *Pickup*. Additionally, the McDonald plaintiffs appear to have failed or declined to argue to Judge Slaughter the lack of fit between the "problem to be solved" (public speech of physicians) compared to the final law (speech to patients). This error might have been fatal because, as explained in the Reply Memo (at pages 3-7 and 14-17). The short of it is that the mismatch between the problem to be addressed by the bill and the actual law should render the law unconstitutional even under intermediate scrutiny which is the level of heightened scrutiny required in this Circuit, per the above, for information, advice and even recommendations.

14

no difference in the resolution of the issues in this case. But we are very clear about the fact that it is everyone's interest (except perhaps the Appellees and Defendants in our related cases) to bring the record in one of Judge Shubb's cases to the attention of this Court.

**Filing An Amicus Brief Would Be Insufficient**

If limited to filing only an amicus brief, Movants would be unable to procedurally incorporate and also defend the factual record in Judge Shubb's case. Further, a single amicus brief would be insufficient to properly respect Movant's vested legal interests in this appellate litigation, which may have multiple stages of briefing, as well as oral argument.

**The Public's Interest are Served by Granting Intervention**

The challenged law affects thousands of physicians throughout the state and many more patients. Physicians need to know whether they are permitted to provide information to patients beyond what the CDC and the public health authorities believe to be true at any given time during the pandemic (and as recently reported, the federal government's pandemic response is ending in May). Many physicians will self-censor if the law is upheld.[8] The public's interest is that

---

[8]     Physician self-censorship which would result from this Court's upholding the law was foreshadowed by Judge Kozinski's concurrence in *Conant v. Walters*, 309 F.3d 629, 640-641 (9th Cir. 2012) which is the factually closest case to the

there be a clear and definitive ruling from this Court on the probable unconstitutionality of the law. The best way that can be achieved is by having the record of at least one of Judge Shubb's two related cases before the Court, and have at least one of the prevailing parties appear in this appeal, so that the Court can settle the matter, one way or the other.

**The Interests of Justice are Served by Granting Intervention**

In this intervention motion, there is much more than a claim or defense with a common question of law; the parties substantially overlap, and it is the same counsel's office defending the same statute. And then there is the fact that the decisions are conflicting, which presents an even more compelling reason for the court to grant intervention, as it will allow the Court to fully consider the record in Judge Shubb's case which enjoined the enforcement of the law that is the subject of the current appeal.

This motion provides the Court with an opportunity to at least consider whether the record before Judge Shubb may be relevant in adjudicating the

---

First Amendment issue on this appeal because it dealt with the federal government's attempt to revoke the DEA registration of physicians who provided information about medical marijuana and recommended it despite the fact that it was a Schedule I illegal drug without any proven medical benefit. As Judge Kozinski stated, "… doctors are particularly vulnerable to intimidation; with little to gain and much to lose, only the most foolish or committed of doctors will defy the federal government's policy [of prohibiting the use of marijuana for medical purposes] and continue to give candid advice about the medical use of marijuana."

important First and Fifth Amendment issues raised in this appeal. And it will give at least one of the prevailing parties the opportunity to defend Judge Shubb's injunction based on the record in one of his related cases. This serves the interests of justice, will likely result in a clearer and more definitive ruling from this Court, as well help implement one of the Court's core functions of resolving conflicting lower courts decisions.

If it turns out that the Court affirms Judge Slaughter and reverses Judge Shubb, then physicians will know that they risk board investigation and sanction if they tell patients anything other than what the CDC and other public health authorities want the public to know.  That result will be important information for patients, because they will know that their physicians are only allowed to provide the government's permitted messaging about any aspect of the pandemic (which, as was recently announced, the Federal Government's pandemic response will officially end in May). Some might consider the lack of trust this law will inject into the doctor/patient relationship as problematic, which is the thrust of two of the patient declarations submitted in this Motion. (*See* Exhibits F and G.). But that is for this Court to decide.

**All parties to this consolidated appeal oppose this motion**.[9]

---

[9]    Counsel for the related (but not consolidated) *Hoeg v. Newsom* are being emailed these motion papers and can decide whether to join this motion, or take such other action as they deem appropriate. However, as they are not parties to the

(20 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 20 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 23 of 31

**Conclusion**

Movants request that their motion to intervene be granted, and that the Court issue an appropriate order to include the record in *Hoang v. Bonta* in the record of this appeal, and for such other and further relief as the Court finds just or necessary to allow Movants to participate fully in this appeal.

Dated: February 15, 2023          Respectfully submitted,

Richard Jaffe, Esq.
SBN 289362
428 J Street, 4th floor
Sacramento, California, 95814
Telephone: 916-492-6038
Facsimile:  713-626-9420
Email:
rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310

Attorneys for Proposed Intervenors

---

pending appeal, we do not believe that they have standing to oppose or not oppose this motion, which is why Movants have not sought out their position prior to the filing the motion per Circuit Advisory Committee Note to Rule 27-1 (5).

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion complies with the type-volume limitations of Circuit Rule 27-1(1)(d) because the body of the motion does not exceed the designated page limit of 20 pages.

This Motion also complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5)(A) and was prepared in a proportionally spaced typeface using 14-point Times New Roman.

Dated: February 15, 2023

_____

Richard Jaffe

(22 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-1, Page 22 of 22
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 25 of 31

## CERTIFICATE OF SERVICE

This motion including the affidavit of counsel was filed and electronically served on the parties to this appeal. Counsel in the related case *Hoeg et al v. Newsom, et al*, were sent a copy of the motion by email to counsel of record Jenin Younis,  jenin.younes@ncla.legal, and Laura Powell, laura@laurabpowell.com.

Dated: February 15, 2023

_____

Richard Jaffe

(23 of 428)

Case: 23-55069, 02/15/2023, ID: 12653377, DktEntry: 30-2, Page 1 of 406
Case 2:22-cv-02147-WBS-AC   Document 32   Filed 02/21/23   Page 26 of 31

# Nos. 22-56220, 23-55069

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

Mark McDonald and Jeff Barke,
*Plaintiffs-Appellants*,

v.

Kristina D. Lawson, et al.,
*Defendants-Appellees*.

AND

Michael Couris, et al.,
*Plaintiffs-Appellants*,

v.

Kristina D. Lawson, et al.,
*Defendants-Appellees*.

AND

LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-
for-profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA
CHAPTER, a California Nonprofit Corporation,
*Proposed Intervenors*

## DECLARATION OF COUNSEL IN SUPPORT OF
## MOTION TO INTERVENE

RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
Children's Health Defense
752 Franklin Ave., Suite 511
Franklin Lakes, NJ 07417
Telephone: (202) 854-1310

Counsel for Proposed Intervenors

I, Richard Jaffe declare under penalty of perjury that the following is true and correct based on my personal knowledge.

1.      I am a member of the State Bar of California and the bar of the Ninth Circuit Court of Appeals. I am lead counsel for the movants, who are the named plaintiffs in *Hoang et al v. Bonta*, et al, which is First and Fifth Amendment challenge to AB2098/Section 2270 of the Business and Professions Code, pending in the Eastern District of California. Our case seeks the same basic relief as the two cases in the consolidated appeals.

2.      This declaration is made in support of the Movants request to intervene in this consolidated appeal, which is limited to Central District Judge Slaughter's denial of a preliminary injunction to the Plaintiffs/Appellants McDonald (and the Southern District's stay order).

3.      A copy of Judge Shubb's January 23, 2023 preliminary Injunction order covering Movant's case *Hoang, et al v. Bonta et al*, 2:22-cv-02147-WGB-

AC, and its related (but not consolidated) case *Hoeg, et. al. v. Newsom* et. al. 2:22-cv- 01980-WBS-AC is attached as Exhibit A.

4.      A media report reporting that the Governor has decided not to appeal Judge Shubb's decision is attached as Exhibit B.

5.      In order for the Court to decide this motion, it is necessary to provide the Court with the *Hoang* record and most importantly, the actual evidence presented in *Hoang* so that the comparison can be made. (The declarations supporting the *McDonald's* preliminary injunction motion is already before the Court in their appendix.  (ER 043 and 50.)

6.      Accordingly, I submit for the Court's consideration the following true and correct, file-stamped copies of the following from the record in *Hoang v. Bonta*.

7.      Exhibit C:  The 40-page expert declaration of Sanjay Verma MD, which declaration essentially showed that there is no such thing as a Covid 19 contemporary scientific consensus because the medical authorities have contradicted themselves on each of the most important public health issues including, masking, the vaccines' ability to prevent infection and transmission, the evidence of efficacy of the vaccines and boosters, and the flaws in the asserted benefits long term and to prevent hospitalization and deaths by the vaccines. His declaration is relevant both to the Fifth Amendment claim, on which Judge Shubb

ruled, but also to Movant's First Amendment claim because it shows that the evidence which the Defendants alleged to be false or Covid misinformation per the legislative reports is not false, but is true. However, the suppression of this information is necessary and covered under the law because it may increase vaccine hesitancy, which is the actual and stated goal of the law based on the Legislative Reports offered for Judicial Notice by the Appellees/Defendants in all four cases.  (*See* the Reply Memo, Exhibit O, at Section II. A, pages 3-6). The actual goal of the law was to stop physicians from providing information to the public on social media which could increase vaccine hesitancy, regardless of the truth or falsity of the information. *Id*.

8.     Exhibit D and E are the declarations of plaintiff Le Trinh Hoang, and PIC president Shira Miller, MD, which show, among other things, specific data points or examples of information that Plaintiffs would like to provide to patients but may constitute Covid misinformation under the law.

9.     Exhibits F, G and H being declarations from three patients, the first two of which explain the lack of trust that is resulting from the law about whether their physicians will provide them with their actual opinions rather than just now what the public health authorities require physicians to say on pain of board discipline. The third patient declaration is from a nurse who was forced to take a Covid vaccine and who suffered a heart attack after the shot. She explains the

difficulty she had having her vaccine injury recognized as such for workers compensation benefits, based on what we have called vaccine injury denialism. (Exhibit H.)

10.     Exhibit I is the complaint. The factual allegations in the Complaint were attested to by both Plaintiff Hoang, (Exhibit D, page 4, para. 16) and Shira Miller, PIC's President (Exhibit E, page 2, para. 2). Thus, the factual allegations concerning the Plaintiffs and what they wish to tell patients are an evidentiary part of the preliminary injunction record.

11.     In response to all these declarations, the Attorney General offered basically the same two brief declarations from the Executive Director and a physician as were offered up in the two cases in this consolidated appeal, and are attached as Exhibits J and K. The short of it is that Defendants argue that all physicians are required to know the standard of care and keep up with changes, and the disciplinary process is explained.

12.     Exhibit L: Like in the other cases, the Defendants offered the same Request for Judicial Notice of the AB 2098 Legislative Reports in *Hoang*, and is attached as Exhibit L.

13.     The above Exhibits C-L is the complete evidentiary record in *Hoang v. Bonta*.

14.     Since this Motion refers to statements contained in the Preliminary Injunction papers, it seems prudent to include the motion papers in this Motion. The Preliminary Injunction Motion and Memo of law, the Defendants' Memorandum in Response and Movant's Reply are attached as Exhibits M, N and O respectively.

15.     As this motion mentions a discussion made at the hearing concerning a mischaracterization contained in a legislative finding, the transcript of the hearing is also included for the Court's consideration and is attached as Exhibit P.

16.   A copy of the docket in *Hoang v. Bonta* is attached as Exhibit Q.

17.   Exhibits C-Q is the record in *Hoang v. Bonta.*


Executed this 15th day of February.


_____

Richard Jaffe