UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TRACY HØEG, M.D., Ph.D.; RAM DURISETI, M.D., Ph.D.; AARON KHERIATY, M.D.; PETE MAZOLEWSKI, M.D.; and AZADEH KHATIBI, M.D., M.S., M.P.H., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, Governor of the State of California, in his official capacity; KRISTINA LAWSON, President of the Medical Board of California, in her official capacity; RANDY HAWKINS, M.D., Vice President of the Medical Board of California, in his official capacity; LAURIE ROSE LUBIANO, Secretary of the Medical Board of California, in her official capacity; MICHELLE ANNE BHOLAT, M.D., M.P.H., DAVID E. RYU, RYAN BROOKS, JAMES M. HEALZER, M.D., ASIF MAHMOOD, M.D., NICOLE A. JEONG, RICHARD E. THORP, M.D., VELING TSAI, M.D., and ESERICK WATKINS, members of the Medical Board of California, in their official capacities; and ROB BONTA, Attorney General of California, | No. 2:22-cv-01980 WBS AC |

1

| | |
|---|---|
| in his official capacity;<br><br>    Defendants.<br>───────────────────<br><br>LETRINH HOANG, D.O.; PHYSICIANS FOR INFORMED CONSENT, a not-for profit organization; and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation;<br><br>    Plaintiffs,<br><br>  v.<br><br>ROB BONTA, in his official capacity as Attorney General of California; and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California;<br><br>    Defendants. | No. 2:22-cv-02147 WBS AC |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court makes the following findings and orders.

I. SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

2

(9th Cir. 1992).

III. JURISDICTION/VENUE

The court has federal question jurisdiction, 28 U.S.C. § 1331, because the action is brought under 42 U.S.C. § 1983. Venue is undisputed and hereby found to be proper.

IV. DISCOVERY

The parties agree that no discovery is needed at this time. Accordingly, the court will not set any discovery deadlines.

V. SUMMARY JUDGMENT MOTION HEARING SCHEDULE

Plaintiffs' motion for summary judgment shall be filed on or before **October 2, 2023.** The motion shall be noticed for hearing no earlier than **January 2, 2024.** Defendants cross-motion for summary judgment and opposition shall be filed on or before **November 2, 2023.** Plaintiffs' reply and opposition to the cross-motion shall be filed on or before **December 4, 2023.** Defendants' reply in support of its cross-motion for summary judgment shall be filed on or before **December 18, 2023.** Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **September 23, 2024,** at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters

remaining to be accomplished except production of witnesses for oral testimony.  Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

VII.     TRIAL SETTING

The trial is set for **November 19, 2024** at 9:00 a.m.  The parties estimate that the trial will last seven to ten days.

VIII.    SETTLEMENT CONFERENCE

A Settlement Conference with a magistrate judge will be set at the time of the Pretrial Conference.  Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review

by the settlement judge.  The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:  May 12, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE