ROB BONTA
Attorney General of California
ANYA M. BINSACCA, State Bar No. 189613
EDWARD KIM, State Bar No. 195729
Supervising Deputy Attorneys General
CHRISTINA SEIN GOOT, State Bar No. 229094
KRISTIN A. LISKA, State Bar No. 315994
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3916
 Fax:  (415) 703-5480
 E-mail:  Kristin.Liska@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California, and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC"),**<br><br>Defendants. | Case No. 2:22-cv-02147-WBS-AC<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>Date: November 13, 2023<br>Time: 1:30 p.m.<br>Dept: 5<br>Judge: The Honorable William B. Shubb<br>Trial Date: Not scheduled<br>Action Filed: 12/01/2022 |

**TABLE OF CONTENTS**

**Page**

Introduction .................................................................................................................................... 1
Background .................................................................................................................................... 2
Legal Standard ............................................................................................................................... 4
Argument ........................................................................................................................................ 5
      I.     Supplementation Would Be Futile ............................................................................ 5
      II.    Plaintiffs Improperly Seek to Supplement Their Complaint to Raise a New Claim ........................................................................................................................ 6
Conclusion ..................................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*
   941 F.3d 1195 (9th Cir. 2019) .................................................................................... 1, 5, 6

*Eid v. Alaska Airlines, Inc.*
   621 F.3d 858 (9th Cir. 2010) ............................................................................................. 4

*Hoang v. Bonta*
   -- F. Supp. 3d. --, 2023 WL 414258 (E.D. Cal. Jan. 25, 2023) ..................................... 2, 7

*Lyon v. U.S. Immigration & Customs Enforcement*
   308 F.R.D. 203 (N.D. Cal. 2015) ................................................................................ 4, 5, 8

*Pitts v. Terrible Herbst, Inc.*
   653 F.3d 1081 (9th Cir. 2011) ........................................................................................... 5

*Planned Parenthood of Southern Arizona v. Neely*
   130 F.3d 400 (9th Cir. 1997) .................................................................................. 5, 6, 7, 8

*San Luis & Delta-Mendota-Water Auth. v. U.S. Dep't of Interior*
   236 F.R.D. 491 (E.D. Cal. 2006) ....................................................................................... 8

*Sywula v. Teleport Mobility, Inc.*
   -- F. Supp. 3d. --, 2023 WL 362504 (S.D. Cal. Jan. 23, 2023) ..................................... 4, 8

*Younger v. Harris*
   401 U.S. 37 (1971) ............................................................................................................ 8

**STATUTES**

2022 Cal. Stat., ch. 938 (Assembly Bill 2098) ...................................................................*passim*
   § 2(a) (codified at Cal. Bus. & Prof. Code § 2270(a)) ...................................................... 2

2023 Cal. Stat., ch. 294 (Senate Bill 815) .................................................................... 1, 2, 3
   § 19 .................................................................................................................................... 3

California Business and Professions Code
   § 2270 ......................................................................................................................*passim*
   § 2270(a) ........................................................................................................................... 2

**COURT RULES**

Federal Rules of Civil Procedure
   Rule 15(a) ...................................................................................................................... 4, 5
   Rule 15(d) ..................................................................................................................... 4, 5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Article III ................................................................................................................... 5
    First Amendment ............................................................................................... 1, 2, 3
    Fourteenth Amendment ............................................................................................ 2

**INTRODUCTION**

This case is one of several suits brought challenging AB 2098, which made it unprofessional conduct for a doctor to disseminate misinformation or disinformation about Covid-19 to patients in their care. *See* Cal. Bus. & Prof. Code § 2270. Plaintiffs in these matters have generally alleged that AB 2098 violates doctors' First Amendment rights to speak to their patients and that AB 2098 is unconstitutionally vague. After bringing this suit, plaintiffs Dr. Letrinh Hoang and Children's Health Defense, California Chapter sought a preliminary injunction of California Business and Professions Code section 2270. This Court granted the motion, finding that the language of section 2270 was unclear and plaintiffs were likely to succeed on their due process challenge. This matter is currently set for briefing on cross-motions for summary judgment, with hearing on the motions set for January 2024.

Intervening events have now overtaken this matter. In September 2023, the California Legislature amended SB 815 with language to repeal section 2270. The Governor signed SB 815 on September 30, 2023. Business and Professions Code section 2270 is effectively repealed, and once SB 815 goes into effect on January 1, 2024, section 2270 will no longer be California law. Hence, this case—and the related *Høeg* matter—will be moot. *See, e.g.*, *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc) ("[T]he repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar it.").

Despite this impending mootness, plaintiffs now seek to postpone the current summary judgment briefing schedule and amend their complaint. Their proposed amended complaint seeks to add additional plaintiffs and an additional defendant (the Medical Board), re-raise two of their challenges to AB 2098 and raise another amorphous challenge to any enforcement actions undertaken by the Osteopathic Medical Board (or the newly proposed defendant Medical Board) involving a physician's advice to patients in their care concerning Covid-19.

Defendants do not oppose plaintiffs' request to stay or postpone summary judgment briefing. Given that this action will soon be moot, it furthers judicial economy to postpone any

Case 2:22-cv-02147-WBS-AC   Document 42   Filed 10/16/23   Page 6 of 14

further litigation related to the merits of this action and to dismiss the case as moot on January 1, 2024 when SB 815 goes into effect.

Defendants do, however, oppose plaintiffs' attempt to supplement or amend their complaint. The legal dispute between the parties in this matter has effectively been resolved by the repeal of the underlying statute challenged in this action. Any attempt to revive claims challenging section 2270 as plaintiffs seek to do, would be futile given the section's repeal. Should plaintiffs wish to challenge any other statutes or any particular enforcement actions, the proper avenue would be a new suit that provides defendants with notice of the specific statute or action plaintiffs seek to challenge and the basis plaintiffs have for doing so. At bottom, plaintiffs seek to avoid the inevitable fact that this case will be indisputably moot once SB 815 takes effect on January 1, 2024. The Court should deny their motion for leave to amend.

## BACKGROUND

In light of the prior proceedings in this matter and the nature of the motion currently before the Court, defendants will provide only a brief background here. Plaintiffs brought suit challenging AB 2098, which provides that "[i]t shall constitute unprofessional conduct for a physician and surgeon to disseminate misinformation or disinformation related to COVID-19, including false or misleading information regarding the nature and risks of the virus, its prevention and treatment; and the development, safety, and effectiveness of COVID-19 vaccines." 2022 Cal. Stat., ch. 938 ("AB 2098"), § 2(a) (codified at Cal. Bus. & Prof. Code § 2270(a)). The statute took effect on January 1, 2023.

In their Complaint, plaintiffs brought suit against California Attorney General Rob Bonta and Executive Director of the Osteopathic Medical Board of California Erika Calderon, in their official capacities. Plaintiffs contended that AB 2098 violated the First Amendment and was unduly vague under the Fourteenth Amendment. *See* Compl. ¶¶ 46-62 (First Amendment claim), ¶¶ 63-75 (due process claim). They requested a declaratory judgment that AB 2098 violated both constitutional provisions and injunctive relief enjoining the enforcement of AB 2098. *Id.*, at p. 19. Plaintiffs also filed a motion seeking a preliminary injunction to enjoin AB 2098. *See Hoang v. Bonta*, -- F. Supp. 3d. --, 2023 WL 414258, at * 12 (E.D. Cal. Jan. 25, 2023). This Court

Opposition to Plaintiffs' Motion for Leave to Amend (2:22-cv-02147-WBS-AC)

1  granted the motion on January 25, 2023, holding that plaintiffs were likely to succeed in their due
2  process challenge to AB 2098 and enjoining enforcement of AB 2098.  *See id.*  The parties are
3  currently set to brief cross-motions for summary judgment, with a hearing on the motions set for
4  January 2024.  *See* ECF No. 41.

5        Since the Court ruled on the preliminary injunction motion and set a briefing for cross-
6  motions for summary judgment, the factual situation has shifted.  In September 2023, the
7  Legislature passed and the Governor signed SB 815.  *See* 2023 Cal. Stat., ch. 294 ("SB 815").
8  Among other provisions, SB 815 repeals California Business and Professions Code section 2270.
9  *Id.* § 19.[1]  SB 815 will take effect on January 1, 2024.  After that time, California Business and
10 Professions Code section 2270 is unenforceable and will no longer have any legal effect.

11       In response to this repeal, plaintiffs have now filed a motion to stay the current briefing
12 schedule and to file an amended complaint.  Their proposed First Amended Complaint ("FAC")
13 seeks to add several additional plaintiffs and one additional defendant.  Plaintiffs also seek to
14 revive their challenges to section 2270.  *See, e.g.*, FAC, ¶ 79 (seeking declaration Business &
15 Professions Code § 2270 violates the First Amendment), ¶ 92 (seeking declaration that Business
16 & Professions Code § 2270 violates plaintiffs' due process rights).  They additionally request
17 declaratory relief "that it is a First Amendment violation for the medical boards of California to
18 investigate, prosecute or sanction physicians based on information and opinions they provide to
19 patients concerning the safety and efficacy of Covid vaccines, FDA approved drug treatments for
20 Covid whether on or off label, or public health measures such as the benefits of masks, as long as
21 there is some published scientific evidence supporting the information and opinions."  *Id.* ¶ 74.
22 In making this request, plaintiffs do not identify any particular statutory authority other than
23 section 2270 that they are challenging, nor do they allege any specific Board action (past or
24 present) they are challenging or seek to enjoin or review.

---

[1] The full text of SB 815 can be found online at https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=202320240SB815.

## LEGAL STANDARD

While plaintiffs' motion is framed as one to amend under Rule 15(a), it is more properly construed as one seeking leave to file a supplemental pleading under Rule 15(d). Under Rule 15(d), a "court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In other words, "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Rule 15(a), in contrast, provides a mechanism to amend a complaint with respect to events that occurred *prior to* its filing. *See id.* (distinguishing two motions); *Sywula v. Teleport Mobility, Inc.*, -- F. Supp. 3d. --, 2023 WL 362504, at *10 (S.D. Cal. Jan. 23, 2023) (same).

Here, plaintiffs seek to introduce new facts and events that occurred *after* the filing of their original complaint, such as the repeal of AB 2098 (codified at California Business and Professions Code section 2270). *See, e.g.*, FAC at ¶ 12 (discussing repeal of AB 2098), ¶ 30 (referencing statements made after complaint was filed to support standing allegations), p.17, ¶ 50 (alleging repeal of AB 2098), p. 17, ¶¶ 51-52 (discussing article and statements regarding repeal), ¶ 53 (alleging accusation brought by Board after original complaint was filed), ¶ 65 (quoting post made on social media in September 2023). And plaintiffs raise claims that are expressly predicated on these new facts and events. *See, e.g.*, *id.* at ¶ 73 (referencing accusation brought after original complaint was filed to support first claim), ¶ 78 (referencing statements made after original complaint filed to support second claim). Because plaintiffs expressly allege and rely on facts and events that occurred while this litigation was pending, their motion is properly characterized as one to supplement their pleadings under Rule 15(d).

Rule 15(d), in contrast to Rule 15(a), does not permit a plaintiff to supplement a complaint as a matter of right; rather, it requires the court to grant leave to supplement. *Compare* Fed. R. Civ. P. 15(a), *with* Fed. R. Civ. P. 15(d). While "[s]upplementation is generally favored because it promotes judicial economy and convenience," *Lyon v. U.S. Immigration & Customs Enforcement*, 308 F.R.D. 203, 214 (N.D. Cal. 2015), supplementation "cannot be used to

introduce a 'separate, distinct and new cause of action,'" *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam). Courts generally apply the same standards for a Rule 15(a) motion to a Rule 15(d) motion. *Lyon*, 308 F.R.D. at 214. This analysis is commonly guided by five factors: 1) undue delay, 2) bad faith or dilatory motive by the movant, 3) repeated failure of previous amendments, 4) prejudice to the opposing party, and 5) futility of amendment. *Id.*

## ARGUMENT

While defendants do not oppose postponing the current briefing schedule, they do oppose any attempt to supplement the complaint. To the extent that plaintiffs seek to raise claims challenging section 2270, supplementation would be futile and should be denied. To the extent plaintiffs now seek to insert new claims into this litigation involving other statutory provisions or other Board actions, supplementation is improper.

### I. SUPPLEMENTATION WOULD BE FUTILE

Insofar as plaintiffs seek to challenge section 2270, the Court should deny plaintiffs' motion for one simple reason: supplementation would be futile. This statutory provision has been repealed, and, on January 1, 2024, it will be removed from the California Business and Professions Code and have no legal effect. Any claims challenging section 2270—as the proposed amended complaint intends to do—are, or shortly will be, moot.

The mootness doctrine, drawn from the case-or-controversy requirement of Article III, "requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (citation omitted). Case law is clear that the repeal of a statute suffices to moot a challenge to that statute. *E.g., Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) (en banc). As the Ninth Circuit has explained, "the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it." *Id.* The party asserting that a case is *not* moot bears the burden of

showing "such a reasonable expectation exists . . . in the record . . . rather than on speculation alone." *Id.*  And courts "should assume that a legislative body is acting in good faith in repealing or amending a challenged legislative provision." *Id*.

Plaintiffs have come nowhere close to carrying their burden to demonstrate that the claims they wish to re-assert challenging AB 2098 are not moot in light of the repeal of California Business and Professions Code section 2270.  Nowhere in their proposed amended complaint do they allege facts showing that section 2270 is about to be re-enacted, such as by identifying a proposed bill re-introducing the same or a similar statutory provision.  Nor do they allege any facts showing even an interest in re-enacting the language of section 2270 on the part of the Legislature.  Indeed, the one legislator (AB 2098's sponsor) they quote seems to have *no* intention of re-enacting the repealed statute.  *See* FAC at p. 17, ¶ 52.  Nor can plaintiffs' conclusory allegations about what they believe the *Boards* intend to do provide any insight into what the *Legislature* intends to do.  In sum, plaintiffs point to nothing more than an unwarranted speculation that section 2270 might potentially be re-enacted in some future legislative session.  This is insufficient to avoid mootness.  Because such challenges are or soon will be moot, this Court will lack jurisdiction to adjudicate the merits of section 2270's validity.  Supplementation would therefore be futile and should be denied.

**II.    PLAINTIFFS IMPROPERLY SEEK TO SUPPLEMENT THEIR COMPLAINT TO RAISE A NEW CLAIM**

To the extent that plaintiffs instead seek to raise some other challenges or claims in their amended complaint—though their complaint is somewhat unclear on what specific Board actions or statutory authority they are challenging—supplementation should still be denied.  Such claims are not the proper subject of supplementation and should be brought in separate suits.

The Ninth Circuit's decision in *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400 (9th Cir. 1997) (per curiam), is illustrative as to why supplementation with new claims would be improper.  In *Neely*, the plaintiffs filed a lawsuit challenging an Arizona statute requiring parental consent for minors to obtain an abortion.  130 F.3d at 401.  The district court found the statute unconstitutional and issued a permanent injunction.  *Id.* at 402.  Thereafter, Arizona

amended and re-enacted the challenged state statute. *Id.* The plaintiffs sought leave to supplement their complaint to add a claim challenging the re-enacted statute. *Id.* The Ninth Circuit held that the district court had abused its discretion in granting leave to supplement. *Id.* at 403. The court explained that "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Id.* at 402 (cleaned up). Plaintiffs' supplemental complaint "involved a new and distinct action that should have been the subject of a separate suit." *Id.* While "both the original suit and the supplemental suit sought to challenge Arizona's parental consent law, the supplemental complaint challenged a different statute" than the original suit. *Id.* Furthermore, the court explained that allowing supplementation "did not serve to promote judicial efficiency" because "there would necessarily be two actions" and that there was no obstacle "to plaintiffs bringing a new, separate action to challenge" the new statute. *Id.* Thus, the Ninth Circuit held, it was an abuse of discretion to allow supplementation rather than requiring plaintiffs to bring a separate suit. *Id.* at 403.

The decision in *Neely* guides the outcome here. As in *Neely*, the original statute that plaintiffs have challenged— California Business and Professions Code section 2270 (AB 2098)— has been repealed. And just like the plaintiffs in *Neely*, plaintiffs here seek to bring what is in essence "a new and distinct action" that instead should be "the subject of a separate suit." *Neely*, 130 F.3d at 402. To the extent that plaintiffs are not simply re-raising their now-moot challenges to the substance of AB 2098, they appear to now seek to challenge the Boards' other statutory and enforcement authority. These are distinct legal disputes to distinct legal provisions, not a mere continuation of this suit. After all, adjudicating those disputes will be functionally the same as adjudicating a new case, just as in *Neely*, because plaintiffs' prior arguments and this Court's prior analysis cannot simply be imported into any new challenge. For instance, consider vagueness. The arguments raised in this case have turned on the particular textual language of section 2270; similarly, this Court's ruling on the preliminary injunction motion focused on the specific language in and linguistic structure of section 2270. *See, e.g.*, *Hoang*, 2023 WL 414258, at *8-9 (discussing lack of clarity in the phrase "contemporary scientific consensus"). Thus, whether or not section 2270 is impermissibly vague says little about whether some separate

statutory provision is also vague; other potential statutes plaintiffs may intend to challenge likely would not include the same language as or a similar structure to that of section 2270.  In addition, challenges to other Board actions or statutory provisions could present entirely new legal issues not present in this matter.  For instance, a claim seeking to challenge an ongoing Board enforcement proceeding would raise issues with respect to the limitations on a federal court's power to enjoin ongoing state enforcement proceedings under *Younger v. Harris*, 401 U.S. 37 (1971).  As these examples illustrate, the arguments advanced in this case are focused *on challenging AB 2098 specifically* and cannot be automatically mapped onto a challenge to an alleged Board "agenda" or to actions the Boards might take under different statutory authority.

At the end of the day, this is not a situation where plaintiffs seek to supplement their Complaint with new claims that are merely a continuation of the same legal challenge.  This is not akin to a case where, for instance, a plaintiff seeks to supplement the complaint in a suit challenging conditions in detention facilities to include a new detention facility opened during the pendency of suit,[2] or seeks to add a claim related to a new interpretation and application of the challenged statute,[3] or seeks to challenge actions taken by the defendant that the plaintiff alleges seek to contravene a judgment entered in the matter.[4]  Rather, plaintiffs seek to "effectively start[] afresh a litigation that the defendant had reason to believe was nearing its end." *Sywula*, 2023 WL 362504, at *11.  And they seek to do so by challenging *distinct* Board actions that might take place under a *distinct* legal authority and involve *distinct* legal questions.  Such claims should be addressed in a distinct lawsuit.

---

[2] *See Lyon*, 308 F.R.D. at 214 (allowing supplementation where plaintiffs learned a new detention facility had opened during the pendency of their suit challenging detention conditions, investigated the facility, and agreed to extend discovery).

[3] *See San Luis & Delta-Mendota-Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 499 (E.D. Cal. 2006) (allowing supplementation where plaintiff sought to add claim challenging "subsequent administrative interpretations and implementation of the same statutory provision in a later water year" and distinguishing *Heely* since the supplementation involved the exact same statutory provision challenged in the original complaint).

[4] *See Neely*, 130 F.3d at 403 (distinguishing cases where supplementation was proper as involving the situation where the lower court retained jurisdiction to oversee enforcement of a final judgment that "required the parties to comply with broad, aspirational directives" and plaintiffs alleged "specific attempts by the defendants to contravene the courts' earlier rulings").

## CONCLUSION

For the foregoing reason, plaintiffs' motion for leave to amend their complaint should be denied.

Dated: October 16, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANYA M. BINSACCA
EDWARD KIM
Supervising Deputy Attorneys General
CHRISTINA SEIN GOOT
Deputy Attorney General


/s/ Kristin Liska
KRISTIN A. LISKA
Deputy Attorney General
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

Case Name:    ***Hoang, et al. v. Bonta, et al.***
Case No.      **2:22-cv-02147-WBS-AC**

I hereby certify that on October 16, 2023, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished electronically by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct.

Executed on October 16, 2023, at San Francisco, California.

Vanessa Jordan
Declarant

*Vanessa Jordan*
Signature