RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
(Admitted *pro hac vice*)
48 Dewitt Mills. Rd.
Hurley, NY 12433
Tel: 845-481-2622

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETRINH HOANG, D.O., PHYSICIANS FOR INFORMED CONSENT, a not-for-profit organization, and CHILDREN'S HEALTH DEFENSE, CALIFORNIA CHAPTER, a California Nonprofit Corporation<br><br>Plaintiffs,<br><br>v.<br><br>ROB BONTA, in his official capacity as Attorney General of California and ERIKA CALDERON, in her official capacity as Executive Officer of the Osteopathic Medical Board of California ("OMBC")<br><br>Defendants. | **Case No: 2:22-cv-02147-WBS-AC**<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF LAW TO THE DEFENDANTS' RESPONSE TO THE RULE 16(b) MOTION TO MODIFY THE PRE-TRIAL SCHEDULING ORDER AND RULE 15 MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLIANT**<br><br>**Date:** November 13, 2023<br>**Time:** 1:30 PM<br>**Courtroom:** 5, 14th floor<br>**Judge:** Hon: William B. Shubb<br><br>Action Commenced: December 1, 2022 |

**TABLE OF CONTENTS**

**Page #**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

    A.    Plaintiffs Can File the Proposed First Amended Complaint As Of Course Once the Scheduling Order is Vacated. ................................................................. 3

    B.    There is No Legitimate Futility Issue in Continuing to Challenge the Boards' Power to Sanction Physicians' Protected Speech. ..................................... 3

    C.    The Defendants Misconstrue Plaintiffs Motion as Requesting Leave to File a Supplemental Complaint and Misanalyses the Applicable Case Law. ......................................................................................................................... 4

CONCLUSION ........................................................................................................................ 7

CERTIFICATE OF E SERVICE ............................................................................................. 8

# TABLE OF AUTHORITIES

**Federal Cases**

*Agriesti v. MGM Grand Hotels, Inc.*,
 53 F.3d 1000 (9th Cir. 1995) ............................................................................................. 7

*Cota v. Maxwell-Jolly*, No. C 09-3798 SBA,
 2011 U.S. Dist. LEXIS 59677, 2011 WL 2182724 (N.D. Cal. June 02, 2011) .................. 5, 6

*Doran v. Salem Inn, Inc.*,
 422 U.S. 922, 95 S. Ct. 2561 2567, 45 L.Ed.2d 648 (1975) ..................................................... 7

*Keith v. Volpe*,
 858 F.2d 467 (9th Cir. 1988) ............................................................................................ 5, 6

*Planned Parenthood of Southern Arizona v. Neely*,
 130 F.3d 400 (9th Cir. 1997) ............................................................................................ 4, 5

*Rowe v. United States Fidelity & Guaranty Co.*,
 421 F.2d 937 (4th Cir. 1970) ............................................................................................... 5

*San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*,
 236 F.R.D. 491 (E.D. Cal. 2006) ......................................................................................... 5

*William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*,
 668 F.2d 1014 (9th Cir. 1982) ............................................................................................. 5

*Younger v. Harris*
 401 U.S. 37 (1971) .............................................................................................................. 6

**United States Constitution**

 First Amendment ........................................................................................... 1, 3, 4, 6
 Fifth Amendment ............................................................................................................ 1

**California Statutes**

Business and Professions Code
 § 2234 ............................................................................................................................. 1, 6
 § 2234 (c) ........................................................................................................................... 6
 § 2270 ....................................................................................................................... 1, 3, 4, 6
 § 2270 (4) ........................................................................................................................... 6

**Federal Rules of Civil Procedure**

Rule 12(b) ................................................................................................................................ 2
Rule 15 ................................................................................................................................. 3, 7
Rule 15(a)(1)(B) .................................................................................................................. 2, 3
Rule 15(a)(2) .......................................................................................................................... 4
Rule 15(d) ........................................................................................................................... 4, 5
Rule 16(b) ........................................................................................................................... 2, 7

**Legislative Sources**

Assembly Bill No. 2098 ................................................................................................. 1, 2, 6

Senate Bill No. 815 ................................................................................................................ 4

# PRELIMINARY STATEMENT

The fundamental issue in this case, and by that we mean both in the complaint and in the proposed first amended complaint ("FAC") is whether the investigation, prosecution, and sanctioning of physicians for the information and advice they give to patients about Covid-19 violates the First and Fifth Amendments. Plaintiffs assert in both complaints the same basic facts, claims and arguments, namely 1. Restricting such speech is both content and viewpoint discriminatory and the boards cannot meet their First Amendment strict scrutiny burden, and 2. Given the rapidly changing circumstances and reversals in public health pronouncements, and the resulting scientific and public health chaotic messaging, Defendants cannot comply with the statutory standards ("false information that is contradicted by contemporary scientific consensus contrary to the standard of care" under Section 2270, or a departure from the standard of care under Section 2234) to meet the heightened specificity requirements of Due Process.

The Defendants and their supporters assert the same First Amendment defense to justify their power to regulate the content and viewpoint of speech, namely that the state has the power to reach speech to patients because it is all part of medical care, which is regulatable under Bus. & Prof. Code Section 2270, and after repeal, under its general standard of care statute, Section 2234. Or, to put it in (the Supreme Court rejected) First Amendment parlance: the professional speech doctrine which purports to strip professionals of their First Amendment rights because they have a government license.

That is all there is to this case. The FAC thus raises the same core claims, defenses, and issues as the original complaint. The Defendants and their supporters have just dressed up their legal regulatory justification in different statutory garb. And then there is the small but significant fact that Section 2270's repeal has the effect and most likely the purpose of forestalling judicial review of the California Legislature's third attempt to sanction physician speech under the professional speech doctrine.

Obviously, the decision to repeal AB 2098/Section 2270 is a significant change in circumstances, unanticipated by the parties or the Court when the parties proposed a scheduling order and the Court issued its May 12, 2023 scheduling order.

By this Rule 16(b) motion, Plaintiffs seek to vacate or modify the Court's Pre-trial/Scheduling order, which order was predicated on the representations by and agreement of the parties that the case was ripe for summary judgment. The Court's order thus scheduled the time for filing the motion and cross motion for summary judgment and a hearing date was set (January 8, 2024). As the case was to be resolved via summary judgment, the Court also froze the case in terms of discovery, adding parties and claims, all based on the above representations of the parties.[1] The Court specifically notified the parties that any change to the scheduling order had to meet the good cause standard under Rule 16(b) as interpreted by case law. (Dkt. Entry 41 page 2).

However, based on the upcoming repeal, the parties now agree that summary judgment motions on the merits are not appropriate because there is a threshold mootness issue.[2] Therefore, implicitly at least, the Defendants concur with the Plaintiffs that the changed circumstance justifies the modification of the May 12th Scheduling Order. Accordingly, the Court's first task should be to vacate the entire pre-trial scheduling order, or (as argued initially in the motion) vacate all the deadlines and restrictions up until the 2024 prehearing conference and trial date.

Upon the vacatur of the scheduling order, the FAC should become the live pleading in the case by operation of the plain meaning of Rule 15(a)(1)(B), as soon as it is separately filed since issue has not been joined and a Rule 12(b) motion has not been filed. If so, then Defendants' objections to the FAC become moot (but preserved for a dispositive attack on the new live pleading).

---

[1] There has been no discovery in this case, and the parties had represented that none was necessary prior to the filing of their summary judgment motions.

[2] For the Court's Information, the Ninth Circuit in the McDonald appeal has recently *sua sponte* asked the parties to brief the mootness issue raised by the upcoming repeal. However, as the Proposed First Amended Complaint has claims which are not based on AB 2098, mootness could not be a basis of dismissal of the proposed pleading as explained in more detail in the Motion at page 9 and hereinafter. A copy of the Ninth Circuit's recent order is attached hereto as Exhibit A.

As suggested in the Motion, but frankly stated now, the Rule 15 motion for leave to file an amended complaint is just a contingency/arguendo motion if the Court does not agree with our view of the plain meaning of Rule 15(a)(1)(B), or it were to decide that despite the vacatur/modification of the scheduling order, leave to amend is somehow still required.[3]

## ARGUMENT

As stated, the Defendants do not dispute that there has been a substantial change in circumstance in that the specific statutory object of the lawsuit is about to be repealed. As demonstrated in the Motion, that changed circumstance alone or in conjunction with the fact that it is now clear that the medical boards intend to continue to sanction physicians for their protected speech, establish good cause to either modify or rescind the May 12th Scheduling Order, and to request that the parties submit a new proposed scheduling order. Defendants' Response seems to understand this insofar as it agrees that the changed circumstance renders a substantive summary judgment motion inappropriate.

### A. Plaintiffs Can File the Proposed First Amended Complaint As Of Course Once the Scheduling Order is Vacated.

Once the Court vacates the current scheduling order, under the plain meaning of Rule 15(a)(1)(B), the proposed First Amended Complaint becomes the live pleading upon its filing. The Defendants have no real answer to the Rule 15(a)(1)(B) procedural reality.

### B. There is No Legitimate Futility Issue in Continuing to Challenge the Boards' Power to Sanction Physicians' Protected Speech.

The first claim in the FAC is a First Amendment claim asserting that it is unconstitutional for the boards to investigate, prosecute, or sanction physicians for their protected speech. (FAC at pages 22-24 and specifically page 23 para. 74).  This claim does not reference the soon to be repealed Section 2270. Therefore, mootness is not applicable.

---

[3] Regrettably, Plaintiffs have not found on point authority. However, logically, once the Scheduling order is vacated, (which should task the parties to submit a new proposed scheduling order), there is no reason or case law prohibiting the application of the "as of course" amendment rule.

The second claim is that Section 2270 violates the First Amendment (and this was the first claim in the original complaint). (*See* FAC page 24.) This claim may become moot after SB 815 takes effect on January 1, 2024, or upon a possible order of the Ninth Circuit.

The third claim challenges both Section 2270 and the board's practice and policy of sanctioning physicians for Covid misinformation under its general statutory authority on Due Process vagueness grounds. (FAC page 25-27). (The Section 2270 part of this claim was previously the second claim in the original complaint.)  The Section 2270 part of this claim may become moot because of the repeal of the law, and/by order of the Ninth Circuit.[4]

### C. The Defendants Misconstrue Plaintiffs' Motion as Requesting Leave to File a Supplemental Complaint and Misanalyses the Applicable Case Law.

Assuming arguendo, there is no as of course right to file the FAC, leave to amend should be granted for the reasons set forth in the Motion (pages 9 to 10). The Defendants have no real answer to the Rule 15(a)(2) showing (other than arguing that the FAC is futile based on mootness, but as discussed above, the FAC (or most of it) survives a mootness analysis).

 Instead, they misconstrue the motion as requesting leave to file a supplemental complaint under Rule 15(d). Defendants cite no authority nor do they argue that a party is prohibited from amending (rather than supplementing a compliant) by adding facts, claims, parties, and deleting a claim (all of which has been done in the FAC), just because some new facts occurred after the original complaint. Ignoring this logical and legal lacuna, the Defendants argue that the FAC is not consistent with Rule 15(d) based on a misapplication of case law.

The clearest example of their erroneous misapplication of the law is *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400 (9th Cir. 1997), which is extensively discussed in the Response.  The plaintiffs had obtained a permanent injunction against a statute, and a final order was entered. The district court did not retain jurisdiction, and the case was closed. *Four years later*, the plaintiffs sought leave to file a supplemental complaint challenging a successor

---

[4] If the Ninth Circuit finds the McDonald appeal moot, and after January 1st, Plaintiffs anticipate filing a second amended complaint removing the second claim in the FAC and removing references to Section 2270 in the third claim.

statute. The motion was granted, followed by the district court's reviving the class certification and issuing a new injunction.

The Ninth Circuit reversed all those rulings and pointed out the obvious that "the district court did not retain jurisdiction nor did it enter an order guiding the parties' future affirmative duties. Further Plaintiffs did not aver that the defendants were defying the court's 1992 decision enjoining them from enforcing the original parental consent statute." *Neely,* 130 F.3d at 403. The point of this case is that a plaintiff cannot revive a long-closed case via a supplemental complaint for among other reasons, because it would not promote judicial efficiency to do so, and where the only proper action would be to file a new case, because the old case was closed! *Neely* offers no support for how a court should treat an amended pleading in an open and active case.

Furthermore, even if Plaintiffs' amended pleading was a supplemental complaint, the Defendants' recitation of the law is wrong; it is perfectly appropriate to add new claims, because *inter alia*, doing such would clearly promote the economical and speedy disposition of the controversy. *See Keith v. Volpe*, 858 F.2d 467, 473-474 (9th Cir. 1988), (quoting *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc*., 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed. *See also Rowe v. United States Fidelity & Guaranty Co.,* 421 F.2d 937 (4th Cir. 1970) (reversing district court's refusal to permit filing of supplemental complaint because no prejudice from such a filing had been shown").

*Cota v. Maxwell-Jolly*, No. C 09-3798 SBA, 2011 U.S. Dist. LEXIS 59677 at *14-15; 2011 WL 2182724 (N.D. Cal. June 02, 2011) (page 7) is also highly instructive: "Given the relationship between the supplemental and original claims, permitting Plaintiffs to supplement their Complaint, as opposed to commencing an entirely new action, would promote judicial efficiency, *citing and quoting San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 236 F.R.D. 491, 499 (E.D. Cal. 2006) ("[t]he district court has developed extensive knowledge of the relevant law, background, and scientific considerations… Retaining the new claims as part of the existing case serves the interests of judicial economy.").

Moreover, *Cota* and *Keith* stand for the proposition that a "supplemental claim is not new and distinct if it has 'some relationship' to the claims originally alleged" and "arise[s] from the same concern." *Cota,* 2011 U.S. Dist. LEXIS 59677 at *14 (page 4 citing *Keith v. Volpe,* 858 F.2d at 474 (9th Cir. 1988)).

Clearly, the FAC deals with the same "concern" and has "some relationship" to the original complaint. That same concern is the medical boards mistakenly think they can investigate and sanction physicians for their protected speech based on the doubly discredited professional speech doctrine. This is not just the same concern which bears some relationship with the complaint, it is the *same First Amendment issue* and *the same defense* with different statutory bases which have a common statutory standard using the identical words. [5]

In short, asserting new claims which arose after the original complaint is completely appropriate, and case law shows that the new claims are not new because they are related and arise from the same concern as and bears a clear and close relationship to the claims set out in the original complaint.[6]

---

[5] We reiterate what was pointed out parenthetically at the end of the first paragraph of this Reply, that AB 2098/Section 2270 specifically incorporates the phrase "contrary to the standard of care" into the definition of "misinformation" (Bus. & Prof. Code § 2270 (4)). And a departure from the standard of care is the definition/synonym of negligence which is sanctionable under the board's primary sanctioning statute, Bus. & Prof. Code Section 2234 (c) ("Repeated negligent acts. To be repeated, there must be two or more negligent acts or omissions. An initial negligent act or omission followed by a separate and distinct departure from the applicable standard of care shall constitute repeated negligent acts.) Thus, the original complaint implicated Section 2234 (c), and that section has now become the fulcrum point of the FAC, which demonstrates the continuity, connection or overlap with the original complaint.

[6] The Defendants cite but only briefly discuss *Younger v. Harris* 401 U.S. 37 (1971) (at page 8) presumably for the *Younger* abstention doctrine. There is no allegation in the FAC that any of the Plaintiffs are currently being investigated or have been charged with Covid misinformation under Bus. & Prof. Code Section 2234. The reference to the non-party physician being prosecuted is to establish standing, and specifically that the Plaintiffs have a concrete and legitimate fear of being prosecuted for providing Covid information to patients. Since the Plaintiffs are not challenging an ongoing state proceeding against any of them, but only possible future prosecution, Younger abstention does not apply *See, e.g.*, *Agriesti v. MGM Grand Hotels,*

# CONCLUSION

For the foregoing reasons, Plaintiffs request that their Rule 16(b) and Rule 15 motion (if necessary) be granted in all respects.

Dated: October 25, 2023

                                       Respectfully submitted,

*/s/ Richard Jaffe*
_____
RICHARD JAFFE, ESQ.
State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: 916-492-6038
Fax: 713-626-9420
Email: rickjaffeesquire@gmail.com

ROBERT F. KENNEDY JR., ESQ.
(Admitted *pro hac vice*)
48 Dewitt Mills. Rd.
Hurley, NY 12433
Tel: 845-481-2622

Attorneys for Plaintiffs

---

*Inc.*, 53 F.3d 1000 (9th Cir. 1995), *citing Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S. Ct. 2561 2567, 45 L.Ed.2d 648 (1975) (holding that *Younger* does not bar injunction against future criminal prosecutions).

**CERTIFICATE OF E SERVICE**

I, Richard Jaffe affirm as follows:

    1.    I am an attorney at law admitted to practice in this court. I am not a party to this action and am over the age of 18. I am counsel of record for the Plaintiffs in this case. I submit this Certificate of Service under penalties of perjury.

    2.    This Rule 16(b) and Rule 15 motion was e-served on Defendants' counsel Kristin Liska when it was filed.

October 25, 2023

*/s/ Richard Jaffe*

Richard Jaffe, Esq.

# EXHIBIT "A"

| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | OCT 17 2023 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| MARK MCDONALD; JEFF BARKE,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>KRISTINA D. LAWSON, in her official capacity as President of the Medical Board of California; et al.,<br><br>Defendants-Appellees. | No. 22-56220<br><br>D.C. No.<br>8:22-cv-01805-FWS-ADS<br>Central District of California, Santa Ana<br><br>ORDER |
| MICHAEL COURIS; MICHAEL FITZGIBBONS,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>KRISTINA D. LAWSON, in her official capacity as President of the Medical Board of California; et al.,<br><br>Defendants-Appellees. | No. 23-55069<br><br>D.C. No.<br>3:22-cv-01922-RSH-JLB |

Before: TASHIMA and FORREST, Circuit Judges, and CARDONE,[*] District Judge.

The parties are directed to file supplemental briefs addressing whether

---

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

California Senate Bill 815 (SB 815), signed into law on September 30, 2023, renders this case moot. The briefs may take the form of a letter to the clerk of the court, are not to exceed 10 pages, and are to be filed simultaneously within 14 days of the filing date of this order.