UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| TRACY HØEG, M.D., Ph.D.; RAM DURISETI, M.D., Ph.D.; AARON KHERIATY, M.D.; PETE MAZOLEWSKI, M.D.; and AZADEH KHATIBI, M.D., M.S., M.P.H.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, Governor of the State of California, in his official capacity; KRISTINA LAWSON, President of the Medical Board of California, in her official capacity; RANDY HAWKINS, M.D., Vice President of the Medical Board of California, in his official capacity; LAURIE ROSE LUBIANO, Secretary of the Medical Board of California, in her official capacity; MICHELLE ANNE BHOLAT, M.D., M.P.H., DAVID E. RYU, RYAN BROOKS, JAMES M. HEALZER, M.D., ASIF MAHMOOD, M.D., NICOLE A. JEONG, RICHARD E. THORP, M.D., VELING TSAI, M.D., and ESERICK WATKINS, members of the Medical Board of California, in their official capacities; and ROB BONTA, Attorney General of California, | No. 2:22-cv-01980 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS |

1

1  in his official capacity;
2              Defendants.
3  
4  LETRINH HOANG, D.O.; PHYSICIANS         No. 2:22-cv-02147 WBS AC
   FOR INFORMED CONSENT, a not-for
5  profit organization; and
   CHILDREN'S HEALTH DEFENSE,
6  CALIFORNIA CHAPTER, a
   California Nonprofit
7  Corporation;
8              Plaintiffs,
9       v.
10 ROB BONTA, in his official
   capacity as Attorney General of
11 California; and ERIKA CALDERON,
   in her official capacity as
12 Executive Officer of the
   Osteopathic Medical Board of
13 California;
14             Defendants.
15
16                         ----oo0oo----
17         Plaintiffs brought these now-related § 1983 actions
18 challenging the constitutionality of California Business &
19 Professions Code § 2270, also referred to as Assembly Bill ("AB")
20 2098, which made it "unprofessional conduct" for doctors to
21 "disseminate misinformation or disinformation related to COVID-
22 19."  The court preliminarily enjoined enforcement of AB 2098
23 against the plaintiffs on January 25, 2023.  (Høeg Docket No. 35;
24 Hoang Docket No. 30.)  The California Legislature subsequently
25 repealed AB 2098, effective January 1, 2024.  See Cal. Senate
26 Bill 815 (Sept. 30, 2023).
27         Before the court are defendants' motions to dismiss.
28 (Høeg Docket No. 63; Hoang Docket No. 52.)  The Høeg plaintiffs

1 oppose dismissal (Høeg Docket No. 65), while the Hoang plaintiffs
2 do not (Hoang Docket Nos. 54-55).

I. Mootness

Defendants argue that the repeal of AB 2098 moots the plaintiffs' claims in both actions insofar as they seek declaratory and injunctive relief.  "A private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot because, if the case were dismissed as moot, the defendant would be free to resume the conduct."  Bd. of Tr. of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195, 1198 (9th Cir. 2019).  However, in the Ninth Circuit, courts "assume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it."  Id. at 1199.  "The party challenging the presumption of mootness need . . . only [show] that there is a reasonable expectation of reenactment.  But a determination that such a reasonable expectation exists must be founded in the record . . . rather than on speculation alone."  Id.

On February 29, 2024, the Ninth Circuit issued an opinion in McDonald v. Lawson, 94 F.4th 864 (9th Cir. 2024), a consolidated appeal involving two cases challenging AB 2098 from the Central and Southern Districts of California.  The Ninth Circuit held that the repeal of AB 2098 mooted the actions and remanded to the district courts with instructions to dismiss the cases.  See id. at 870.

As the Ninth Circuit held, "[b]ecause there is no

1  indication that California is reasonably likely to reenact AB
2  2098 or anything substantially similar to it, and because the
3  possibility of California enforcing AB 2098 following its repeal
4  is at best remote, there is no longer an ongoing case or
5  controversy." Id. (internal quotation marks and citation
6  omitted).  In coming to this conclusion, the Ninth Circuit relied
7  upon a statement by the Executive Director of the Medical Board
8  that its employees would not enforce AB 2098 and pointed to the
9  lack of evidence of potential reenactment in the record.  See id.
10 at 869-70.

11         Despite the Ninth Circuit's clear holding that the
12 repeal of AB 2098 moots challenges to that law, the Høeg
13 plaintiffs argue that McDonald does not dictate the same outcome
14 here because they raise arguments that were not before the Ninth
15 Circuit.  But like the McDonald plaintiffs, the plaintiffs here
16 have failed to overcome the presumption of mootness, as they
17 present no allegations or evidence suggesting that the California
18 Legislature might reenact AB 2098 or similar legislation.  See
19 id. at 869-70.

20         The Høeg plaintiffs point to a medical board proceeding
21 allegedly brought against a physician for advising patients not
22 to receive a COVID-19 vaccine as evidence that there is a risk of
23 enforcement or reenactment of AB 2098.  (See Hoang Docket No. 39
24 at 21, ¶ 30.)  This proceeding apparently commenced in June 2023.
25 (See id.)  Yet there is no indication -- and plaintiffs do not
26 argue -- that this disciplinary action was initiated pursuant to
27 AB 2098.  Indeed, plaintiffs' counsel in the Hoang matter has
28 filed a separate action challenging such disciplinary actions as

4

1    brought under the medical boards' pre-existing statutory
2    authority.  (See Kory v. Bonta, 2:24-cv-1 WBS AC, Docket No. 1.)
3    Further, the actions of administrative agencies like the Medical
4    Board do not provide evidence that the Legislature intends to
5    reenact a similar statute.  The possibility that the Board may
6    discipline doctors for "disseminating misinformation" under
7    preexisting statutory authority (as opposed to a statute brought
8    to reenact the provisions of AB 2098) does not support a
9    challenge to AB 2098.  Cf. Ne. Fla. Chapter of Associated Gen.
10   Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656,
11   662 (1993) (action was not moot where challenged ordinance had
12   been repealed, but city subsequently enacted a similar
13   ordinance).
14            Plaintiffs also point to a statement allegedly made by
15   Assemblyman Evan Low, a sponsor of AB 2098, that following the
16   repeal of the law, "the Medical Board of California will continue
17   to maintain the authority to hold medical licensees accountable
18   for deviating from the standard of care and misinforming their
19   patients about COVID-19 treatments."  (Høeg Opp'n (Docket No. 65)
20   at 6; Høeg Suppl. Brief (Høeg Docket No. 53) at 8.)  This
21   purported statement does not indicate any legislative intent to
22   reenact AB 2098.  On the contrary, it would appear therefrom that
23   Mr. Low has no intention of reintroducing similar legislation,
24   instead referring to the Medical Board's preexisting statutory
25   authority.  See Cal. Bus. & Prof. Code § 2234(c) ("departure from
26   the applicable standard of care" is a basis for discipline by the
27   Medical Boards).  Potential disciplinary actions brought under §
28   2234 -- an entirely different statute that predates AB 2098 --

                                      5

cannot sustain a challenge to AB 2098, particularly because the court's prior order showed the peculiar language of AB 2098 to be central to its unconstitutionality. See Høeg v. Newsom, 652 F. Supp. 3d 1172, 1185-91 (E.D. Cal. 2023).

Finally, plaintiffs rely on West Virginia v. Environmental Protection Agency, 597 U.S. 697 (2022). There, the Supreme Court held that a voluntary decision by the federal Environmental Protection Agency ("EPA") not to enforce a challenged regulation did not moot the case because the EPA had "vigorously defend[ed]" the legality of the challenged regulation and "nowhere suggest[ed] that . . . it w[ould] not reimpose" a similar measure. See id. at 718-20 (quotation marks omitted). Plaintiffs argue that the instant case is analogous because defendants have never conceded that AB 2098 is unconstitutional. However, West Virginia v. EPA is inapposite (and, contrary to plaintiffs' argument, fully reconcilable with Glazing Health) because it involved administrative agency action, the rulemaking agency responsible for the voluntary cessation was a party to the litigation, and there was evidence that a new regulation was forthcoming. See id. at 718-20. Further, here, the only evidence in the record of legislative intent -- the statement from Assemblyman Low, discussed above -- indicates that the Legislature does not intend to reintroduce similar legislation.

Accordingly, the court concludes that plaintiffs' claims for declaratory and injunctive relief are moot and must be dismissed.

II.  Availability of Damages

The court next addresses the viability of plaintiffs'

request for nominal damages, which is not mooted by the repeal of AB 2098 to the extent it seeks relief for constitutional violations that occurred while the law was in effect. See Uzuegbunam v. Preczewski, 141 S. Ct. 792, 797, 801–02 (2021) ("a request for nominal damages satisfies the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right" and thus presents a live controversy, even where the corresponding claim for injunctive relief is moot due to voluntary cessation); Collins v. Yellen, 141 S. Ct. 1761, 1780 (2021) (holding that constitutional claim was not entirely moot following repeal of challenged regulation because plaintiffs sought "retrospective relief").

Defendants assert that they are immune from the Høeg plaintiffs' request for nominal damages to the extent they are sued in their official capacity.[1] The Høeg plaintiffs argue that defendants have waived the sovereign immunity defense by failing to timely raise it. See In re Bliemeister, 296 F.3d 858, 861 (9th Cir. 2002) (sovereign immunity is an "affirmative defense" that "may be forfeited where the state fails to assert it," either through a "clear declaration that it intends to submit itself to [federal] jurisdiction" or "conduct that is incompatible with an intent to preserve that immunity") (quotation marks omitted). The court disagrees.

The only other motion decided by the court thus far was plaintiffs' motion for preliminary injunction. Defendants had no reason to raise the issue of immunity from money damages at that

---

[1] The Hoang plaintiffs do not seek damages. (See Hoang Docket No. 1 at 19.)

juncture, as the motion only pertained to injunctive relief, and raising sovereign immunity would not have disposed of the case. And defendants have yet to file an answer to the complaint (pursuant to the parties' stipulation, see Høeg Docket No. 41). Defendants therefore have timely raised the sovereign immunity defense, as the instant motion is the first pleading filed by defendants in which it would be appropriate to raise the sovereign immunity defense.[2]  See Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1148 (9th Cir. 2007) (state did not forfeit sovereign immunity defense where it raised it at first opportunity, in answer to complaint, and did not cause any delay); cf. In re Bliemeister, 296 F.3d at 862 (state forfeited sovereign immunity defense by failing to assert it in motion for summary judgment).

As the Høeg plaintiffs appear to concede, damages are not available from state officials sued in their official capacity under § 1983.  See Hafer v. Melo, 502 U.S. 21, 22-23 (1991) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)) ("state officials 'acting in their official capacities' are outside the class of 'persons' subject to liability under . . . § 1983"); Platt v. Moore, 15 F.4th 895, 910 (9th Cir. 2021) (quoting Kentucky v. Graham, 473 U.S. 159, 166-69

---

[2]  The court also sua sponte requested briefing on the issue of mootness stemming from the repeal of AB 2098, though later decided to defer the issue pending the filing of a dispositive motion raising the issue. (See Høeg Docket Nos. 49, 58.)  Defendants would have had no reason to raise the issue of immunity from money damages in response to that order, yet did raise the issue when damages were brought up during oral argument on that briefing.

(1985)) ("'absent waiver by the State or valid congressional override,' state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages").

Plaintiffs argue that they can nonetheless maintain a claim for nominal damages against defendants in their individual capacity.  A claim for money damages against a state official in his individual capacity must allege "conduct fairly attributable to the officer himself."  See Alden v. Maine, 527 U.S. 706, 757 (1999); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("[i]n order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation").  Here, there is no indication that AB 2098 was ever enforced.  There is therefore no basis to sue any of the Medical Board defendants or the Attorney General in their individual capacity, as they have not engaged in any conduct that violated the plaintiffs' rights.

As far as the court can see, the only affirmative conduct by any defendant was Governor Gavin Newsom's enactment of AB 2098.  However, a governor cannot be held liable for the passage of a law, which is subject to absolute legislative immunity.  See Bogan v. Scott-Harris, 523 U.S. 44, 54-55 (1998) ("[a]bsolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity," and "a Governor's signing or vetoing of a bill constitutes part of the legislative process") (quotation marks omitted).

When questioned about their proposal to amend the

1 | complaint at oral argument, plaintiffs' counsel was unable to
2 | explain to the court what facts they would allege to support a
3 | claim against defendants in their individual capacity.  Because
4 | there does not appear to be any set of facts that plaintiffs
5 | could allege to support a claim against defendants in their
6 | individual capacity, the court will deny the Høeg plaintiffs'
7 | request for leave to amend as futile.  See Missouri ex rel.
8 | Koster v. Harris, 847 F.3d 646p, 655-56 (9th Cir. 2017).

IT IS THEREFORE ORDERED that defendants' motions to dismiss both actions (Høeg Docket No. 63; Hoang Docket No. 52) be, and the same hereby are, GRANTED.  The pending motion for summary judgment in the Høeg matter (Høeg Docket No. 48) is DENIED AS MOOT.  The Clerk of Court is directed to close both cases.

Dated:  April 2, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10